No. 23-12563

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.
*Plaintiff-Appellee*

v.

PROPERTY MATTERS USA, LLC, ET AL
*Defendant-Appellant*

---

On Appeal from the United States District Court
for the Southern District of Florida,
No. 2:22-cv-14296-AMC

---

**APPELLANT'S OPENING BRIEF**

---

Andrew D. Lockton
Edward F. McHale
MCHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:  561-625-6575
Facsimile:   561-625-6572
Email:      alockton@mchaleslavin.com
            emchale@mchaleslavin.com
            litigation@mchaleslavin.com

*Counsel for Defendant-Appellant Property Matters USA, LLC*

No. 23-12563

Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, et al.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Affordable Aerial Photography, Inc. – Appellee

Brown, Theodore W. – Principal for Appellant

Cannon, Aileen M. – U.S. District Judge

CopyCat Legal PLLC – counsel for Appellee

DeSouza, Daniel – counsel for Appellee

D'Loughy, James – counsel for Appellee

Lockton, Andrew D. – counsel for Appellant

McCabe, Ryon M. – U.S. Magistrate Judge

McHale, Edward F. – counsel for Appellant

McHale & Slavin, P.A. – counsel for Appellant

Stevens, Robert S. – Principal for Appellee

Defendant-Appellant Property Matters USA, LLC is not a publicly traded company, has no parent company, and there is no publicly held corporation that owns 10% or more of its stock.

Plaintiff Affordable Aerial Photography, Inc. is not a publicly traded company, has no parent company, and there is no publicly held corporation that owns 10% or more of its stock.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant Property Matters USA, LLC ("Property Matters") respectfully requests oral argument on the issues presented in this appeal.

Property Matters believes that oral argument is warranted here because the principal issue contained in this appeal—construing 17 U.S.C. § 507(b) to determine when copyright infringement claims "accrue"—appears to be a question of first impression in this Circuit, as identified by the district court in the order on appeal. DE 65, pp.3-4 ("the Eleventh Circuit has not resolved when an action 'accrues' under the statute of limitations attendant to Copyright Act claims, 17 U.S.C. § 507(b).").

This Court's precedent, from the former Fifth Circuit decision in *Prather v. Neva Paperbacks*, 446 F.2d 338, 339-41 (5th Cir. 1971), addressed the civil statute of limitations added to the 1909 Copyright Act, Pub. L. 85-313, §1, Sep. 7, 1957, 71 Stat. 633, codified at 17 U.S.C. § 117(b) (1958 ed.). In *Prather*, the panel implicitly held that copyright infringement claims "accrued" based on the occurrence of the alleged infringing act, but the running of the statute could be equitably tolled for fraudulent concealment, 446 F.2d at 339-41. As identified by the district court, this Court has not specifically addressed this issue since Congress passed the 1976 Copyright Act, Pub. L. 94-553, title I, §101, Oct. 19, 1976, 90 Stat. 2541, 2586, codified at 17 U.S.C. § 507(b), and therefore

i

technically has not construed the present statute of limitations. DE 65, pp.3-4. More recently, this Court has addressed similar language in statutes of limitations and construed "accrue" as adopting the occurrence rule. *See, e.g.*, *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 593-94 (11th Cir. 2016); *Foudy v. Indian River Cnty. Sherriff's Office*, 845 F.3d 1117, 1122-24 (11th Cir. 2017); *MSPA Claims I, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259, 1265-67 (11th Cir. 2022).

Applying this Court's precedent will result in a conflict with at least two other Circuit Courts of Appeals, which have held that "accrue" under § 507(b) is based on the discovery rule. *See, e.g.*, *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 705-08 (9th Cir. 2004); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 49-51 (2d Cir. 2020). This conflict has been Plaintiff-Appellee Affordable Aerial Photography's ("AAP") principal argument during the proceedings below. *See, e.g.*, DE 30, pp.5-11; DE 51; DE 64, pp.2-7.

Property Matters believes that oral argument on the issues presented in this appeal would significantly aid the Court's decisional process.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ................................... i

TABLE OF CONTENTS ............................................................................ iii

TABLE OF CITATIONS ............................................................................ vi

JURISDICTIONAL STATEMENT ........................................................... xii

STATEMENT OF THE ISSUES .................................................................. 1

STATEMENT OF THE CASE ...................................................................... 2

    A.    The Parties' Stipulations on the Relevant Facts and Law ............. 2

        1.    The Alleged Infringement Occurred, and Was Publicly Accessible, More Than Three (3) Years Before the Action Was Filed ........................................................................... 2

        2.    If the Injury–Occurrence Rule is Applied to Determine When AAP's Claims Accrued, Property Matters is the Prevailing Party ................................................................ 3

    B.    Background and Procedural History ............................................. 3

        1.    AAP's Complaint Alleging Infringement Due to the Reproduction and Public Display of the Work ................... 3

        2.    AAP's Abandonment of Its Claims Against Property Matters After Their Legal Deficiencies Were Raised ....................... 4

        3.    Property Matters's Fee Motion and the Evidentiary Hearing ........................................................................................ 6

iii

4.    The Denial of Property Matters's Fee Motion Based on Applying the "Discovery Rule" to Determine When AAP's Claims Accrued ................................................................. 8

SUMMARY OF THE ARGUMENT ........................................................ 11

ARGUMENT ............................................................................. 15

I.    THE DISTRICT COURT LEGALLY ERRED BY APPLYING THE "DISCOVERY RULE" TO DETERMINE WHEN AAP'S COPYRIGHT CLAIMS ACCRUED UNDER 17 U.S.C. § 507(b) .................................................. 15

    A.    Applying Traditional Rules of Statutory Construction, Copyright Claims "Accrue[]" When an Alleged Infringing Act Occurs ....... 17

    B.    This Court's Precedent Has Already Held That Copyright Claims "Accrue[]" When an Infringing Act Occurs ............................... 24

    C.    The Application of a Discovery Rule by Other Courts is an Error That Arose From "Blend[ing] or Confus[ing]" the Discovery Rule With the Equitable-Tolling Doctrine ......................................... 27

II.   THE DISTRICT COURT ERRED FURTHER WHEN APPLYING THE DISCOVERY RULE BECAUSE IT FAILED TO CHARGE AAP WITH CONSTRUCTIVE KNOWLEDGE OF THE PUBLIC ACTS OF ALLEGED INFRINGEMENT ..................................................................... 37

    A.    AAP Had the Means to Know of the Public Acts of Alleged Infringement and Therefore is Charged With Constructive Knowledge of Them ................................................................. 37

    B.    AAP Knew That Its Works—Including the Specific Work at Issue in This Action—Were Being Infringed on Websites Online, and Therefore is Charged With Constructive Knowledge of Public Acts of Alleged Infringement ........................................................... 40

III.  BECAUSE THE CLAIMS AGAINST PROPERTY MATTERS WERE DISMISSED MORE THAN THREE (3) YEARS AFTER THEY "ACCRUED" UNDER THE CORRECT CONSTRUCTION OF 17 U.S.C. § 507(b), THE DISTRICT COURT

iv

LEGALLY ERRED IN CONCLUDING THAT PROPERTY MATTERS WAS NOT THE PREVAILING PARTY ....................................................... 43

CONCLUSION ................................................................. 45

ADDENDUM ................................................................. 47

Text of Relevant U.S. Code Sections

U.S. Code, Title 17, Section 507 .......................................... a1

Text of Relevant Statutes-at-Large Sections

An Act To amend title 17 of the United States Code entitled "Copyrights" to provide for a statute of limitations with respect to civil actions, Pub. L. 85-314, Sept. 7, 1957, 71 Stat. 633 ............................................. a2

An Act For the general revision of Copyright Law, title 17 of the United States Code, and for other purposes, Pub. L. 94-553, title I, §101, Oct. 19, 1976, 90 Stat. 2541, 2586 ......................................................... a3

CERTIFICATE OF COMPLIANCE ............................................ 52

CERTIFICATE OF SERVICE ................................................ 52

# TABLE OF CITATIONS

**Page(s)**

### CASES

*Assoc. Indemnity Corp. v. Indus. Accident Comm'n*
   124 Cal. App. 378 (Cal. Ct. App. 1932) ................................................... 30

*Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*
   522 U.S. 192, 201 (1997) ........................................................................... 23

*Bonner v. City of Prichard*
   661 F.2d 1206 (11th Cir. 1981) ........................................................... 12, 44

*Burden v. Yates*
   644 F.2d 503 (5th Cir. 1981) .................................................................... 44

*Comcast v. Multi-Vision Elecs., Inc.*
   491 F.3d 938 (8th Cir. 2007) ........................................................ 31, 34, 35

*Credit Suisse Sec. (USA) LLC v. Simmonds*
   566 U.S. 221 (2012) ............................................................................ 25, 26

*Daboub v. Gibbons*
   42 F.3d 285 (5th Cir. 1995) ................................................................ 31, 34

* *Everly v. Everly*
   958 F.3d 442 (6th Cir. 2020) ................. 11, 13, 18, 19, 21, 22, 28, 29, 30, 31

*Fedance v. Harris*
   1 F.4th 1278 (11th Cir. 2021) ....................................................... 13, 28, 36

*Fisher v. Whiton*
   317 U.S. 217 (1942) ............................................................................ 21, 31

*Foudy v. Indian River Cnty. Sherrif's Office*
   845 F.3d 1117 (11th Cir. 2017) ................................................14, 38, 40, 42

* *Foudy v. Miami-Dade Cnty.*
   823 F.3d 590 (11th Cir. 2016) ...................................... 12, 18, 20, 23, 31, 35

CASES (CONT.)

\* *Gabelli v. S.E.C.*
568 U.S. 442 (2013) ................................................. 12, 18, 21, 22, 31, 39, 41

*Gaiman v. McFarlane*
360 F.3d 644 (7th Cir. 2004) ............................................................. 31, 32

*Graham County Soil & Water Conservation Dist. v. United States*
545 U.S. 409 (2005) ............................................................................ 18, 23

*Hillcrest Prop., LLC v. Pasco Cty.*
754 F.3d 1279 (11th Cir. 2014) ................................................................. 38

*Hilton International Co. v. Union de Trabajadores de La Industria Gastronomica de Puerto Rico*
833 F.2d 10 (1st Cir. 1987) ........................................................................ 44

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*
118 F.3d 199 (4th Cir. 1997) ............................................................... 33, 34

*Japanese War Notes Claimants Assoc. of Philippines, Inc. v. United States*
373 F.2d 356 (Ct. Cl. 1967) ....................................................................... 25

*Justice v. United States*
6 F.3d 1474 (11th Cir. 1993) ...................................................................... 45

*Lyons P'ship, L.P. v. Morris Costumes, Inc.*
243 F.3d 789 (4th Cir. 2001) .......................................................... 31, 33, 34

*McDonough v. Anoka Cnty.*
799 F.3d 931 (8th Cir. 2015) ..................................................................... 12

*McMahon v. United States*
342 U.S. 25 (1951) .................................................................................... 30

*McNair v. Allen*
515 F.3d 1168 (11th Cir. 2008) ................................................................. 38

## CASES (CONT.)

*Mickles v. Country Club Inc.*
  887 F.3d 1270 (11th Cir. 2018) ................................................................ 44

*Midlevelu, Inc. v. ACI Info Grp.*
  989 F.3d 1205 (11th Cir. 2021) ................................................................ 32

\* *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*
  43 F.4th 1259 (11th Cir. 2022) ............................................................*passim*

*Petrella v. MGM*
  572 U.S. 663 (2014) .................................................................................. 26

*Polar Bear Prods., Inc. v. Timex Corp.*
  384 F.3d 700 (9th Cir. 2004) ......................................................... 29, 35, 36

\* *Prather v. Neva Paperbacks, Inc.*
  446 F.2d 338 (5th Cir. 1971) .............................................................*passim*

*Psihoyos v. John Wiley & Sons, Inc.*
  748 F.3d 120 (2d Cir. 2014) ..................................................................... 32

*Roger Miller Music, Inc. v. Sony / ATV Publ'g, LLC*
  477 F.3d 383 (6th Cir. 2007) .............................................................. 31, 33

*Roley v. New World Pictures, Ltd.*
  19 F.3d 479 (9th Cir. 1994) ............................................................... 29, 36

\* *Rotkiske v. Klemm*
  140 S. Ct. 355 (2019) ...........................12, 13, 15, 18, 20, 22, 23, 28, 31

*Rozar v. Mullis*
  85 F.3d 556 (11th Cir. 1996) .................................................................... 38

*SCA Hygiene Prods. Aktiebolag v. First Qualify Baby Prods., LLC*
  580 U.S. 328 (2017) .................................................................................. 17

*Sebelius v. Auburn Reg'l Med. Ctr.*
  568 U.S. 145 (2013) .................................................................................. 30

## CASES (CONT.)

*Sohm v. Scholastic Inc.*
    959 F.3d 39 (2d Cir. 2020) ........................................................ 32

*Stein v. Reynolds Secur., Inc.*
    667 F.2d 33 (11th Cir. 1982) ..................................................... 44

*Stone v. Williams*
    970 F.2d 1043 (2d Cir. 1992) ................................................31, 32

*Tomelleri v. Natale, et al.*
    No. 19-CV-81080, 2022 WL 2341237 (S.D. Fla. Feb. 18, 2022) ............... 26

*TRW Inc. v. Andrews*
    534 U.S. 19 (2001) ......................................................... 12, 15, 21

*Union Pac. R.R. v. Beckham*
    138 F.3d 325 (8th Cir. 1998) ..................................................... 35

*United States v. Lindsay*
    346 U.S. 568 (1954) ..........................................................21, 31

*Urie v. Thompson*
    337 U.S. 163 (1949) ................................................................ 30

*Warren Freedenfeld Assocs., Inc. v. McTigue*
    531 F.3d 38 (1st Cir. 2008) ...................................................31, 32

*Willard v. Wood*
    164 U.S. 502, 523 (1896) ......................................................... 44

*William A. Graham Co. v. Haughey*
    568 F.3d 425 (3d Cir. 2009) ................................................ 29, 30, 31

*Wilson v. Garcia*
    471 U.S. 261 (1985) ................................................................ 39

*Wood v. Carpenter*
    101 U.S. 135 (1879) ........................................................38, 39, 40, 42

CASES (CONT.)

*Wood v. Santa Barbara Chamber of Commerce, Inc.*
  507 F. Supp. 1128 (D. Nev. 1980) ....................................................29, 36

STATUTES-AT-LARGE

An Act To amend title 17 of the United States Code entitled "Copyrights" to
  provide for a statute of limitations with respect to civil actions
  Pub. L. 85-314, Sept. 7, 1957, 71 Stat. 633..........................................12, 16

An Act For the general revision of the Copyright Law, title 17 of the United
  States Code, and for other purposes
  Pub. L. 94-553, title I, §101, Oct. 19, 1976, 90 Stat. 2541 ........................ 11

U.S. CODES

17 U.S.C.
  § 106 ...................................................................................... 30
  § 115(b) (1958 ed.) ...................................................................12, 26
  § 501 ...................................................................................... 30
  § 505 ...............................................................................xii, 6, 45
  § 507 .....................................................................................6, 29
  § 507(a) ................................................................................... 29
* § 507(b) ................................................................................*passim*

28 U.S.C.
  § 1291...................................................................................... xii
  § 1331...................................................................................... xii
  § 1338(a)................................................................................... xii
  § 1658(a)................................................................9, 16, 19, 20, 22
  § 2255...................................................................................... 13

STATE STATUTES

Neb. Rev. Stat. § 28-515.01.......................................................... 35

**Other Authorities**

1 H.G. Wood, *Limitation of Actions* § 122a, at 684 (4th ed. 1916) ................... 21

Black's Law Dictionary (11th ed. 2019) ....................................................... 22

House Report No. 94-1476 ........................................................................... 33

Webster's Third New International Dictionary 13 (2002) ............................. 22

## JURISDICTIONAL STATEMENT

Defendant-Appellant Property Matters USA, LLC ("Property Matters") appeals from the Judgment of the District Court for the Southern District of Florida entered in favor of Plaintiff-Appellee Affordable Aerial Photography, Inc. ("AAP") concluding that Property Matters was not the prevailing party in the underlying copyright-infringement action based on its application of the so-called "discovery rule" to the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).  In determining that Property Matters had not obtained prevailing party status, the district court therefore denied Property Matters's motion for prevailing party attorney's fees pursuant to 17 U.S.C. § 505.

The district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because AAP's claims arose under the Copyright Act. AAP's claims against co-defendant Home Junction, Inc. ("HJI") were resolved on November 10, 2022, by a stipulation of dismissal with prejudice.  DE 25. The order denying Property Matters's fee motion resolved the only remaining issue in the case and invoked this Court's jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.  The district court erred by applying the so-called "discovery rule" to determine when AAP's copyright infringement claim against Property Matters "accrued" under 17 U.S.C. § 507(b).

2.  The district court erred by holding that AAP's copyright claims accrued upon AAP's *actual* discovery of the alleged infringement, rather than applying this Court's, and the Supreme Court's, precedent for determining *constructive* knowledge of an injury.

3.  The district court erred by holding that Property Matters is not the prevailing party, based on its application of the so-called "discovery rule," when concluding that AAP's "without prejudice" dismissal of its claims more than three (3) years after the last alleged infringing act occurred, did not result in a material alternation in the legal relationship of the parties.

**STATEMENT OF THE CASE**

**A.**     **The Parties' Stipulation on the Relevant Facts and Law.**

Crystalizing the issues for this Court, Plaintiff-Appellee Affordable Aerial Photography, Inc. ("AAP") and Defendant-Appellant Property Matters USA, LLC ("Property Matters") stipulated to the most relevant facts and legal issues during the proceedings below.  *See* DE 40, pp.4-7.[1]

> **1.**     **The Alleged Infringement Occurred, and Was Publicly Accessible, More Than Three (3) Years Before the Action Was Filed.**

This action was filed on August 21, 2022.  DE 40, p.4 (§5, ¶5); DE 1.  AAP alleged that Property Matters infringed the copyright in its photograph (the "Work") because an accused image was published on Property Matters's website.  DE 40, p.4 (§5, ¶1); DE 1, pp.6-7 (¶24).  The publication—i.e., the public display—of the accused image occurred on or before April 30, 2017, and it was publicly accessible at all times between, at least, April 30, 2017, and the filing of the complaint.  DE 40, p.4 (§5, ¶¶2-3).  AAP did not discover that the accused image was publicly displayed on Property Matters's website until

---

[1] References herein to the page numbers of documents in the appendix refer to the District Court's ECF System (as "DE") using the ECF System's pagination at the top of the pages.  For example, "DE 40, pp.4-7" refers to ECF No. 40 in the docket, pages 4 through 7.  Transcript pages will reference the page number as assigned by the court reporter.  Additionally, section and/or paragraph numbers, or transcript lines, may be included as necessary to pincite material.

February 21, 2022.  DE 40, p.4 (§5, ¶4).  The only alleged acts of copyright infringement are based on the public display (or "publication") of the accused image on Property Matters's website.  DE 40, p.4 (§5, ¶6).

### 2. If the Injury-Occurrence Rule is Applied to Determine When AAP's Claims Accrued, Property Matters is the Prevailing Party.

The Copyright Act bars all claims that accrued more than three (3) years before the action was filed.  17 U.S.C. § 507(b); DE 40, p.6 (§7, ¶1).  The parties stipulated that if copyright infringement claims are dismissed "without prejudice" after the Copyright Act's limitations period has expired, the defendant obtains "prevailing party" status.   DE 40, p.6 (§7, ¶2).  The parties further stipulate that if copyright infringement claims accrue based on when an infringing act occurs—i.e., applying the "injury-occurrence rule" to determine when copyright infringement claims accrue instead of the "discovery rule"—then Property Matters is the prevailing party in this action.  DE 40, p.6 (§7, ¶3).

### B. Background and Procedural History.

### 1. AAP's Complaint Alleging Infringement Due to the Reproduction and Public Display of the Work.

On August 21, 2022, AAP filed this action against Property Matters and co-defendant Home Junction, Inc. ("HJI").  DE 1.  AAP alleged that "Property Matters and/or [HJI] published the Work on Property Matters' website."  DE 1, pp.6-7 (¶24); *see also id.*, p.7 (¶25); DE 1-3.  Based on the display of the accused

image on Property Matters's website, AAP alleged that Property Matters *and/or* HJI copied AAP's Work and publicly displayed it. DE 1, pp.7-8 (¶¶28-29); *see also* DE 1-3, p.2 (showing Property Matters's website with the statement at the bottom: "© 2022 Property Matters. All Rights Reserved. *Real Estate Website Design powered by Home Junction.*") (emphasis added).

The complaint included only two (2) counts. Count I alleged that HJI was liable for direct copyright infringement, *id.*, pp.8-9 (¶¶35-36), or alternatively, that HJI was contributorily liable for Property Matters's alleged infringement, *id.*, pp.9-10 (¶¶37-41). Count II alleged that Property Matters was liable for direct copyright infringement, *id.*, p.12 (¶¶52-54), or alternatively, that it was vicariously liable for HJI's alleged infringement, *id.*, pp.12-13 (¶¶55-58). Based on the act of publishing the accused image on Property Matters's website, AAP alleged that its reproduction, public distribution, and public display rights in the Work were violated. DE 40, p.5 (§5, ¶6); *see also* DE 1, ¶¶24, 28, 53-54.

### 2. AAP's Abandonment of Its Claims Against Property Matters After Their Legal Deficiencies Were Raised.

On September 22, 2022, Property Matters sent AAP a letter outlining several legal and factual deficiencies in the complaint, and invited AAP to dismiss the case. DE 26-3. The letter identified contradicting factual allegations, the fact that the incorporated evidence contradicted factual allegations, that it

was an impermissible "shotgun" pleading, and that it failed to allege the necessary elements to plead a vicarious liability claim.  DE 26-3, pp.2-3. Property Matters then produced evidence from the Internet Archive's WayBack Machine, located at www.archive.org, which demonstrated that the alleged infringement occurred at least as early as April 30, 2017—well outside of the Copyright Act's three-year limitations period.  DE 26-3, pp.3, 5;[2] *see also* 17 U.S.C. § 507(b).  Property Matters invited AAP to dismiss the action, without consequence, because of these deficiencies and because AAP could not benefit financially by pursuing claims against Property Matters.  DE 26-3, pp.3-4.

On October 7, 2022, the deadline to respond to the complaint, Property Matters moved to dismiss the count against it because the complaint: (1) was an impermissible "shotgun" pleading; (2) failed to recite factual allegations to support the vicarious liability claim; (3) failed to adequately allege direct infringement by Property Matters; and (4) the claims were barred by the Copyright Act's statute of limitations.  *See generally*, DE 10.  On October 10, 2022, HJI moved for an extension to respond to the complaint.  DE 13.  HJI's request was granted on October 11, 2022, DE 14, and on October 13, 2022, the

---

[2] Shortly thereafter, Property Matters reviewed AAP's original demand letter and realized AAP was already aware that the alleged infringement occurred "at least as early as April 2017."  DE 26-4, p.5; *see also* DE 26-5, pp.2-3 (addressing this issue and AAP's impermissible allegations based on this knowledge).

district court denied Property Matters's motion without prejudice, in favor of it being refiled as a combined response with HJI, DE 15.

On October 17, 2022, AAP filed a first amended complaint removing the allegations against Property Matters and excluding Property Matters as a defendant. DE 16. On October 18, 2022, AAP filed a notice that the claims against Property Matters were voluntarily dismissed without prejudice. DE 17. On October 19, 2022, the district court struck the first amended complaint because leave to amend had not been granted. DE 18. On October 20, 2022, the district court dismissed the claim against Property Matters without prejudice and terminated Property Matters as a defendant. DE 19.

### 3.    Property Matters's Fee Motion and the Evidentiary Hearing.

Pursuant to the procedure set out in the local rules of the Southern District of Florida, on December 19, 2022, Property Matters filed its motion for attorney's fees as the prevailing party, under § 505 of the Copyright Act, 17 U.S.C. § 505, because, although the dismissal was termed "without prejudice" the limitations period expired by that time, in effect making the dismissal "with prejudice" and materially altering the legal relationship between the parties. DE 26, pp.2-12. That motion was referred to the magistrate judge, DE 27 (paperless order), and after briefing was complete an oral argument was scheduled "on the narrow issue of whether the discovery rule applies under 17 U.S.C. § 507 and

whether an evidentiary hearing is needed to determine when the plaintiff knew or, in the exercise of reasonable diligence, should have known about the infringement," DE 32 (paperless order).

Following the argument, the magistrate judge determined that an evidentiary hearing was necessary to resolve the motion. DE 35 (paperless order). In preparation for the hearing, the parties submitted joint pre-hearing stipulations, clarifying the points of legal and factual agreement and disagreement. DE 40. The parties stipulated, *inter alia*, that the act(s) of alleged infringement *occurred* outside of the Copyright Act's limitations period and that if the injury-occurrence rule applied to determine when copyright infringement claims accrue—rather than the discovery rule—then Property Matters was the prevailing party. DE 40, p.4 (§5, ¶¶1-3), p.6, (§7, ¶¶2-3).

AAP stipulated that in approximately 2008, infringements of its works online were becoming a problem and it knew that it needed to start taking preventative action, such as adding metadata to its images. DE 40, p.4 (§5, ¶8). Only two people are working for AAP, Mr. Stevens and Mr. Rymarski, search for infringements. DE 40, p.5 (§5, ¶12). Mr. Rymarski is an independent contractor who works about forty (40) hours a week for AAP doing primarily video editing, and some photograph editing. DE 40, p.4 (§5, ¶¶9-10). He

searches online for evidence of infringement only during his free time.  DE 40, p.5 (§5, ¶13).

Mr. Stevens testified that AAP performed online searches for the subject Work once a year "because [it] was a preferred photo."  Hearing Tr., p.105:1-6. To search for the Work, AAP searches for a "rotating subset" of its various photographs.  *Id.*, pp. 86:16–87:11.  It searches its entire catalog once a year. *Ibid.*  Those searches resulted in finding other alleged infringements of the Work in 2018 and 2019.  *Id.*, pp.105:13–107:9.

AAP knows it could hire someone to search online to locate potential infringements, but it has not.  DE 40, p.4 (§5, ¶16).  AAP's owner, Mr. Stevens, knows that there are services that will monitor the internet for evidence of infringement so that AAP and its employees do not have to search; AAP does not use such a service.  DE 40, p.4 (§5, ¶¶19-20).

### 4.   The Denial of Property Matters's Fee Motion Based on Applying the "Discovery Rule" to Determine When AAP's Claims Accrued.

On May 11, 2023, the magistrate judge issued a Report and recommendation (the "Report"), recommending that the district court deny Property Matters's fee motion.  DE 62.  The Report recommended that Property Matters was not a prevailing party because it found "that AAP's claim 'accrued' on the date of AAP's actual discovery of the [alleged] infringement, i.e.,

February 21, 2022." DE 62, pp.6-7. That recommendation was reached by applying the so-called "discovery rule," i.e., that "[a] copyright infringement claim accrues 'when [the] plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement." DE 62, p.6.

On May 25, 2023, Property Matters timely objected to the Report. DE 63. Property Matters objected, *inter alia*, that the Report erred by grafting a discovery rule on the Copyright Act's statute of limitations, contrary to the direction of this Court and the Supreme Court. DE 63, pp.1-8. Property Matters also objected, assuming *arguendo* that a discovery rule applied, that the Report misapplied the constructive knowledge prong of a discovery rule, arguing that AAP had the ability to know of or find the alleged infringement and that AAP had sufficient knowledge to put AAP on constructive notice of the alleged infringement. *Id.*, pp.8-11.

On July 5, 2023, the district court issued its order (the "Order") accepting the Report. DE 65. The Order acknowledged Property Matters's argument that *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338 (5th Cir. 1971), is this Court's precedent and applied the injury-occurrence rule to copyright infringement claims, and Property Matters's argument that *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 43 F.4th 1259 (11th Cir. 2022), addressed the meaning of "accrued" within 28 U.S.C. § 1658(a). DE 65, pp.3-4. The Order distinguished

9

those cases on the narrow ground that they were not the *exact* statute of limitations at issue, despite the relevant language of those statutes being the same.  DE 65, pp.3-4.

The Order correctly identified that *Prather*, which addressed the 1909 Copyright Act's civil statute of limitations, and *MSPA Claim 1*, which addressed the federal catch-all statute of limitations, did not specifically address the 1976 Copyright Act's statute of limitations, 17 U.S.C. § 507(b).  DE 65, pp.3-4.  The Order determined that "the Eleventh Circuit has not resolved when an action 'accrues' under the statute of limitations attendant to Copyright Act claims, 17 U.S.C. § 507(b)."  DE 65, p.4.  The Order explained "[u]pon review of the relevant authorities and principles, the Court agrees with the Report and the trend in this District that accrual occurs when a 'plaintiff learned of or, in the exercise of reasonable diligence should have learned of the alleged infringement.'"  DE 65, p.4.

The Order acknowledged that the "discovery rule" was not precedent, but rather the "trend" in the Southern District of Florida.  DE 65, pp.3-4.  The Order then applied the "discovery rule" and determined that AAP's claims did not accrue until it had *actual* knowledge of the alleged infringement.  DE 65, p.4.

On August 3, 2023, Property Matters timely filed its notice of appeal to this Court.  DE 67.

10

## SUMMARY OF THE ARGUMENT

The district court correctly identified that if the occurrence rule applied to the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), then Property Matters is the prevailing party. DE 65, p.3; *see also* DE 40, p.6 (§7, ¶3) (the parties' stipulation to that result). The district court erred by applying the "discovery rule" to AAP's copyright infringement claims to determine that Property Matters was not the prevailing party, and erred in denying Property Matters's fee motion. The text of the Copyright Act unambiguously adopts the occurrence rule, rather than the discovery rule. *Everly v. Everly*, 958 F.3d 442, 459-64 (6th Cir. 2020) (Murphy, J., concurring); *infra*, Section I. Property Matters was therefore the prevailing party. DE 65, p.3; *see also* DE 40, p.6 (§7, ¶3); *infra*, Section III.

Section 507(b) of the Copyright Act, 17 U.S.C. § 507(b) provides: "CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Pub. L. 94-553, title I, §101, Oct. 19, 1976, 90 Stat. 2541, 2586. Traditional rules of statutory construction, as well as precedent from this Court and the Supreme Court for construing statutes of limitations, instruct that "accrued" in § 507(b) should be interpreted as meaning that the limitations period for copyright infringement claims begins when the alleged infringing act *occurred*, not when

11

the plaintiff knew or should have known of the alleged act.  *See, e.g.*, *MSPA Claims 1*, 43 F.4th at 1265-67; *Rotkiske v. Klemm*, 140 S. Ct. 355, 360-61 (2019).

The discovery rule "is bad wine of recent vintage."  *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring); *accord Rotkiske*, 140 S. Ct. at 361-61 (citing same).  Analyzing this principle in Supreme Court precedent, this Court has succinctly articulated, "in the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations."  *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 593-94 (11th Cir. 2016) ("*Foudy I*") (citing *McDonough v. Anoka Cnty.*, 799 F.3d 931, 942 (8th Cir. 2015)); *accord MSPA Claims 1*, 43 F.4th at 1265 (quoting same); *see also Gabelli v. S.E.C.*, 568 U.S. 442 (2013); *TRW*, 534 U.S. 19.  The Copyright Act does not, and should not, include a "discovery rule" for the accrual of infringement claims.

Further, this Court's precedent utilized that understanding when addressing the equivalent language in the prior Copyright Act.  *See Prather*, 446 F.2d at 339-41[3]; *cf.* Pub. L. 85-313, §1, Sept. 7, 1957, 71 Stat. 633, codified 17 U.S.C. § 115(b) (1958 ed.) ("CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless the same is commenced

---

[3] Adopted as precedent as stated in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting precedential decisions of the former Fifth Circuit as this Circuit's precedent).

within three years after the claim accrued.").  In *Prather*, the former Fifth Circuit held that copyright infringement claims are subject to equitable tolling for fraudulent concealment.  446 F.2d at 339-41.  By so holding, the panel implicitly interpreted the prior Act to mean that a copyright "claim accrued" when an infringing act *occurred*.  *See ibid.*; *see also infra*, Section I.B.  Equitable tolling ends when a plaintiff is on inquiry notice of the potential claim, *Prather*, 446 F.2d at 341, precluding a "discovery rule," i.e., where inquiry notice starts the running of the limitations period.

This blending or confusion between a discovery rule and the equitable-tolling doctrine has led other courts to incorrectly state that copyright claims are subject to a discovery rule.  *See, e.g.*, *Everly*, 958 F.3d at 461-62 (Murphy, J., concurring) (discussing how Ninth Circuit precedent is based on this confusion); *Fedance v. Harris*, 1 F.4th 1278, 1285 (11th Cir. 2021) ("The discovery rule is distinct from the equitable-tolling doctrine, [*Rotkiske*, 140 S. Ct. at 361], although '[t]he two doctrines are often blended or confused,' *id.* at 363 n.* (Ginsburg, J., dissenting in part and dissenting from the judgment.).").  But though other circuits have stated in *dicta* that a discovery rule applies, few have ever held that copyright infringement claims accrue based on a discovery rule.  *Infra*, Section I.C.  And none have analyzed the text of § 507(b) based on the methodology applied by this Court and the Supreme Court.  *See ibid.*

13

Further, the district court erred in its application of the "discovery rule," because it did not consider this Court's and the Supreme Court's precedent for determining constructive knowledge of an injury. *Infra*, Section II. "[T]he constructive knowledge element [of a discovery rule] can cause it to function as an occurrence rule, holding a plaintiff 'should have known' about an injury at the moment it occurs." *Foudy v. Indian River Cnty. Sherrif's Office*, 845 F.3d 1117, 1123 (11th Cir. 2017) ("*Foudy II*") (collecting cases).

The record and stipulations show that AAP's claim was based on *public* acts of infringement, i.e., evidence that AAP could have discovered at an earlier time. *Infra*, Section II. It was aware it needed to search for infringements online and had the means to find the evidence; that it did not *actually* find the alleged infringement and bring suit until approximately five (5) years after it occurred is irrelevant. AAP is charged with constructive knowledge more than three (3) years before the dismissal occurred, making Property Matters the prevailing party. *Infra*, Sections II-III.

14

## ARGUMENT

### I. THE DISTRICT COURT LEGALLY ERRED BY APPLYING THE "DISCOVERY RULE" TO DETERMINE WHEN AAP'S COPYRIGHT CLAIMS ACCRUED UNDER 17 U.S.C. § 507(b).

Copyright infringement claims "accrue[]" when an infringing act occurs, not when a plaintiff knows of or, in the exercise of reasonable diligence, should know of the injury. *See* 17 U.S.C. § 507(b); *cf.* DE 65, pp.3-4. Section 507(b) of the Copyright Act provides: "CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 90 Stat. 2586. Based on the correct interpretation of § 507(b)—that copyright claims "accrue" when the alleged infringing act occurs—Property Matters is the prevailing party. *See* DE 40, p.6 (§7, ¶3); *see also infra*, Section III.

Instead of applying the clear language of the statute or applying the traditional tools of statutory construction to interpret § 507(b), the district court followed the "trend" of other courts in the Southern District of Florida, and applied the "bad wine of recent vintage" that is the "discovery rule." *See* DE 65, pp.3-4; *see also Rotkiske*, 140 S. Ct. at 360 ("This expansive approach to the discovery rule is a 'bad wine of recent vintage.'") (quoting *TRW*, 534 U.S. at 37 (Scalia, J., concurring)). But none of the cases applying a discovery rule—whether in the Southern District of Florida or elsewhere—have provided a

reasoned analysis and interpretation of § 507(b), and none have followed this Court's or the Supreme Court's guidance for statutory interpretation of limitations provisions.

In construing other statutes of limitations, this Court has articulated the methodology to employ when interpreting statutes of limitations to determine when claims "accrue." *See, e.g.*, *MSPA Claims 1*, 43 F.4th at 1265-67 (explaining the analysis for interpreting limitations provisions and holding that "accrues" in 28 U.S.C. § 1658(a) adopts the occurrence rule rather than a discovery rule). Though the district court correctly identified that, technically, the interpretation of § 507(b) is an open question in this Circuit, it did not follow this Court's precedent to interpret the statute. *See* DE 65, pp.3-4. Instead, the district court followed the Southern District of Florida "trend", *see ibid.*, despite none of those decisions interpreting the statute as required by this Court and the Supreme Court.

Moreover, though this Court has not interpreted the *specific* statute of limitations in the 1976 Copyright Act, 17 U.S.C. § 507(b), the former Fifth Circuit implicitly interpreted the near-verbatim predecessor statute and applied an injury rule. *See Prather*, 446 F.2d at 339-41; *cf.* 71 Stat. 633, codified 17 U.S.C. § 115(b) (1958 ed.) ("CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after

the claim accrued."). By holding that equitable tolling for fraudulent concealment applies to copyright claims, and then determining that the plaintiff's claims were untimely, the former Fifth Circuit implicitly interpreted "accrued" in the former statute as meaning the limitations period began when the infringing act *occurred*. *Prather*, 446 F.2d at 339-41.

By following the discovery rule "trend," and by not interpreting § 507(b) to determine that AAP's claims "accrued" when the alleged infringing acts *occurred*, the district court legally erred. This Court should reverse that error.

### A. Applying Traditional Rules of Statutory Construction, Copyright Claims "Accrue[]" When an Alleged Infringing Act Occurs.

As this Court has recognized, "[w]hen determining the start date for a statute of limitations, courts typically choose between two rules," the "occurrence rule" or the "discovery rule." *MSPA Claims 1*, 43 F.4th at 1265 (citing *SCA Hygiene Prods. Aktiebolag v. First Qualify Baby Prods., LLC*, 580 U.S. 328, 337 (2017)). Under the "occurrence rule," the limitations period begins "on the date that the violation of the plaintiff's legal right occurred." *Ibid.* (citing *SCA Hygiene*, 580 U.S. at 337). Under the "discovery rule," the limitations period does not begin to run until "the date the plaintiff discovered or should have discovered the cause of action." *Ibid.* (citing *SCA Hygiene*, 580 U.S. at 337). To determine which rule applies to a statute of limitations, this Court and the

Supreme Court instruct that traditional tools of statutory interpretation should be employed. *Id.* at 1265-66; *Rotkiske*, 140 S. Ct. at 360.

"'When interpreting limitations provisions, as always, we begin by analyzing the statutory language.'" *MSPA Claims 1*, 43 F.4th at 1265 (quoting *Rotkiske*, 140 S. Ct. at 360). "If the statute is 'unambiguous, the first step of the interpretive inquiry is [the] last.'" *Ibid.* (quoting *Rotkiske*, 140 S. Ct. at 360). And importantly, "[i]f there are two plausible constructions of a statute of limitations, we generally adopt the construction that aligns with the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action." *Ibid.* (quoting *Rotkiske*, 140 S. Ct. at 360 (quoting *Graham County Soil & Water Conservation Dist. v. United States*, 545 U.S. 409, 418-19 (2005))) (internal quotation marks omitted). "Put more directly, 'in the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations.'" *Ibid.* (quoting *Foudy I*, 823 F.3d at 593-94).

The text of § 507(b) and its use of "accrued" is not ambiguous in adopting the occurrence rule. *See, e.g.*, *Everly*, 958 F.3d at 461 (Murphy, J., concurring) (explaining that the Copyright Act's "text is unambiguous" in adopting the occurrence rule because "the statute's 'accrued' language had a well-known 'legal meaning'" when Congress passed the law); *Gabelli*, 568 U.S. at 448 ("a

18

right accrues . . . when it comes into existence."); *MSPA Claims 1*, 43 F.4th at 1265-66 (collecting cases). And this Court's precedent has implicitly construed "accrued" in the context of copyright infringement as incorporating the occurrence rule. *See Prather*, 446 F.2d at 339-41; *see also infra*, Section I.B.

In *MSPA Claims 1*, this Court construed "accrues" in the closely related language of 28 U.S.C. § 1658(a), the catch-all statute of limitations for federal actions. 43 F.4th at 1265-67; *cf.* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."). The panel recognized that "accrues" *should not be* ambiguous, as it has a clear and well-established legal meaning. *MSPA Claims 1*, 43 F.4th at 1265-66.

This Court explained that "[o]n the one hand, the Supreme Court has indicated that it isn't [ambiguous]—'a right accrues,' the Court said flatly, 'when it comes into existence.'" *Id.* at 1265-66 (quoting *Gabelli*, 568 U.S. at 448). The panel then cited and quoted from *Everly*, 958 F.3d at 461 (Murphy, J., concurring), parenthetically "explaining that the Copyright Act's 'text is unambiguous" in adopting the occurrence rule because 'the statute's "accrued" language had a well-known "legal meaning"' when Congress passed the law." *MSPA Claims 1*, 43 F.4th at 1266.

But the panel also recognized that it was bound by prior-panel precedent holding that "accrues" in § 1658(a) *is* ambiguous.  *Id.* at 1266 and n.2 (citing *Foudy I*, 823 F.3d at 594).  "Because—right or wrong—we are bound by *Foudy*'s holding in that respect," the first question in that analysis was resolved: "accrues" in § 1658(a) is ambiguous.  *MSPA Claims 1*, 43 F.4th at 1266 and n.2.  Unlike the panel in *MSPA Claims 1*, this Court is not bound by any prior panel holding that "accrued" in § 507(b) of the Copyright Act is ambiguous.  Instead, a panel of the former Fifth Circuit previously held that copyright infringement claims are subject to the equitable-tolling doctrine for fraudulent concealment, implicitly holding that "accrued" in the 1909 Act adopted the occurrence rule.  *See Prather*, 446 F.2d at 339-41.

Being bound by a prior holding that "accrues" in § 1658(a) *is* ambiguous, the *MSPA Claims 1* panel continued with the textual analysis for limitations provisions, as required by *Rotkiske*.  *MSPA Claims 1*, 43 F.4th at 1266-67.  The second step of that inquiry asked "whether § 1658(a) is 'plausibl[y] constru[ed]' to reflect 'the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action."  *Id.* at 1266 (quoting *Rotkiske*, 140 S. Ct. at 360).  Holding that under ordinary meaning and legal meaning "accrues" is *at least* plausibly construed to reflect that ordinary rule.  *Id.* at 1266-67.  Accordingly, "accrues" was held to mean that the limitations period

began when the violation occurred—not when it was discovered or should have been discovered. *Id.* at 1267.

Applying *Rotkiske* and *MSPA Claims 1* to § 507(b) makes it clear that "accrued" in the Copyright Act adopts the occurrence rule—not the discovery rule. As this Court and the Supreme Court have recognized, "accrued" is not ambiguous, it had a well-known legal meaning when Congress adopted it in the Copyright Act. *See, e.g.*, *MSPA Claims 1*, 43 F.4th at 1265-66; *Gabelli*, 568 U.S. at 448 ("In common parlance a right accrues when it comes into existence . . . .") (quoting *United States v. Lindsay*, 346 U.S. 568, 569 (1954) (granting certiorari to resolve a circuit split on the statutory meaning of "accrued")); *TRW*, 534 U.S. at 37 (Scalia, J., concurring) ("Absent other indication, a statute of limitations begins to run at the time the plaintiff 'has the right to apply to the court for relief[.]") (quoting 1 H.G. Wood, *Limitation of Actions* § 122a, at 684 (4th ed. 1916)); *Fisher v. Whiton*, 317 U.S. 217, 221 (1942) (explaining that the "usual meaning" of the phrase "the date the cause of action thereon accrued" referred "to the time when suit may be instituted."); *Everly*, 958 F.3d at 460-61.

Applying that recognized meaning ends the inquiry: § 507(b) bars copyright infringement claims commenced more than three years after the infringing act *occurs*. But even if "accrued" was considered ambiguous (which it is not), the second step of the interpretive inquiry confirms that § 507(b) adopts

21

the occurrence rule because it is at least "plausibly construed" as adopting the occurrence rule. *See MSPA Claims 1*, 43 F.4th at 1265-66; *see also Rotkiske*, 140 S. Ct. at 360.

As this Court and the Supreme Court have recognized, "under 'common parlance a right accrues when it comes into existence.'" *MSPA Claims 1*, 43 F.4th at 1266 (quoting *Gabelli*, 568 U.S. at 448). "Indeed, that definition of 'accrue' appears 'in dictionaries from the 19th century up until today.'" *Id.* at 1267 (quoting *Gabelli*, 568 U.S. at 448); *see also, e.g.*, *Accrue*, Black's Law Dictionary (11th ed. 2019) (defining "accrue" as "[t]o come into existence as an enforceable claim or right; to arise"); *Accrue*, Webster's Third New International Dictionary 13 (2002) (defining "accrue" as "to come into existence as an enforceable claim: vest as a right"); *Everly*, 985 F.3d at 461 (Murphy, J., concurring) (citing dictionary definitions of "accrue" from 1951 and 1969).

Further, this Court and the Supreme Court have construed "accrued" in similar statutes of limitations as adopting the occurrence rule. *See, e.g.*, *MSPA Claims 1*, 43 F.4th at 1267 ("Because it is at least 'plausible' that the term 'accrues' in § 1658(a) incorporates an occurrence rule—in fact, and setting presumptions aside, we think that's the best interpretation—that is how we interpret it."); *Prather*, 446 F.2d at 340-41 (implicitly interpreting "accrued" in the 1909 Copyright Act's statute of limitations as adopting an occurrence rule

22

that is subject to equitable tolling for fraudulent concealment); *Graham County*, 545 U.S. at 442 (defining the phrase "when the cause of action accrues" in retaliation actions to mean "when the retaliatory action *occurs*.") (emphasis added).

"Congress legislates against the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.'" *Graham County*, 545 U.S. at 418 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). While Congress's use of "accrued" in § 507(b) should be read as unambiguously adopting the occurrence rule, any ambiguity in § 507(b)'s use of "accrued" should be resolved in favor of adopting the occurrence rule. *MSPA Claims 1*, 43 F.4th at 1265-66 (citing *Rotkiske*, 140 S. Ct. at 360). "Put more clearly, 'in the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations.'" *Id.* at 1265 (quoting *Foudy I*, 823 F.3d at 593-94). Section 507(b) does not contain a "clear Congressional directive" and copyright infringement is not a "self-concealing violation"—particularly where the alleged infringement involves *public* display or *public* distribution.

Interpreting the text of § 507(b), guided by this Court's and the Supreme Court's precedent for analyzing statutory text makes it clear that the Copyright

Act adopts the occurrence rule.  Copyright infringement claims "accrue[]" when an infringing act occurs.  In denying Property Matters's fee motion, the district court erred by applying the discovery rule to AAP's claims, following the "trend" of the Southern District rather than the text of § 507(b) and this Court's precedent.  This Court should reverse that order and remand the matter for the remaining issues to be addressed.

### B. This Court's Precedent Has Already Held That Copyright Claims "Accrue[]" When an Infringing Act Occurs.

While the district court is correct that this Court has not *specifically* interpreted § 507(b) to determine when copyright infringement claims "accrue[]," this Court is also not writing on a blank slate.  *See* DE 65 at pp.3-4.  In an opinion adopted as circuit precedent, the former Fifth Circuit issued a foundational opinion in *Prather*, holding that copyright infringement claims were subject to the equitable-tolling doctrine based on a defendant's fraudulent concealment of the cause of action.  446 F.2d at 339-41.

In *Prather*, the former Fifth Circuit affirmed the dismissal of copyright infringement claims based on the statute of limitations, rejecting the argument that the limitations period should be tolled because "he was ignorant [of the claim] because the defendants concealed from him the existence of [the infringing book] and prevented him from obtaining a copy of that book." *Prather*, 446 F.2d at 339-40.  The panel analyzed the Copyright Act and

24

determined that general equitable principles apply.  *Id.* at 340-41.  The court rejected the appellant's argument that a Florida-specific tolling rule applied and held that equitable tolling for fraudulent concealment applies to claims of copyright infringement.  *Ibid.*

Though the panel did not address the terminology of a "discovery rule" or "occurrence rule," the holding—i.e., that equitable tolling applies to copyright infringement claims—forecloses the application of a "discovery rule" and implicitly interprets "accrued" as adopting the occurrence rule.  *See Prather*, 446 F.2d at 339-41.  When claims are equitably tolled for fraudulent concealment, the limitations period is tolled until the plaintiff "knew or should have known" about the existence of the claim.  *See, e.g.*, *id.* at 341 ("Once the statute of limitations has been tolled, it is not necessary that the plaintiff obtain a thorough understanding of all the facts to halt the suspension.  Defendant is not required to wait until plaintiff has started substantiating his claims by the discovery of evidence.  Once plaintiff is on inquiry that it has a potential claim, the statute can start to run.") (quoting *Japanese War Notes Claimants Assoc. of Philippines, Inc. v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967)); *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (Scalia, J.) ("It is well established . . . that when a limitations period is tolled because of fraudulent

concealment of facts, the tolling ceases when those are, or should have been, discovered by the plaintiff.").

By holding that copyright infringement is subject to equitable tolling, *Prather* implicitly interpreted "accrued" in the 1909 Copyright Act as adopting the occurrence rule because a "discovery rule" and the equitable-tolling doctrine are mutually exclusive. If, under a "discovery rule," infringement claims did not *accrue* until a plaintiff actually learns of or should have learned of the claims of infringement, then they could never be equitably tolled for fraudulent concealment because the *accrual* and the *cessation of tolling* would be triggered by the same event—whether the plaintiff was aware, or should have been aware, of the facts giving rise to the cause of action. *See Credit Suisse*, 566 U.S. at 227 (tolling for fraudulent concealment ends "when those facts are, or should have been, discovered by the plaintiff."); *cf.* DE 65, p.4 (applying the "trend in this District that accrual occurs when a 'plaintiff learned of or, in the exercise of reasonable diligence should have learned of the alleged infringement.'") (quoting *Tomelleri v. Natale, et al.*, No. 19-CV-81080, 2022 WL 2341237, *2 (S.D. Fla. Feb. 18, 2022)).

The relevant statutory language did not change between the 1909 Copyright Act and the 1976 Copyright Act. *Compare* 17 U.S.C. § 507(b) *with* 17 U.S.C. § 115(b) (1958 ed.); *see also Petrella v. MGM*, 572 U.S. 663, 670 n.3 (2014)

("The Copyright Act was pervasively revised in 1976, but the three-year look-back statute of limitations has remained materially unchanged.  See Act of Oct. 19, 1976, §101, 90 Stat. 2586.").  Accordingly, although this Court has not yet applied the tools of statutory construction to interpret § 507(b), this Court's precedent has already considered the issue and arrived at the same conclusion: Copyright infringement claims accrue based on the *occurrence* of an act of infringement.  *See Prather*, 446 F.2d at 339-40; *cf.* Section I.A (addressing the text of the 1976 Copyright Act as adopting the occurrence rule).

In denying Property Matters's fee motion, the district court erred by applying the discovery rule to AAP's claims, following the "trend" of the Southern District of Florida rather than this Court's precedent.  This Court should reverse that order and remand the matter for the remaining issues to be addressed.

### C.    The Application of a Discovery Rule by Other Courts is an Error That Arose From "Blend[ing] or Confus[ing]" the Discovery Rule With the Equitable-Tolling Doctrine.

AAP's only argument below was citing other circuits and district courts that have *stated* that a "discovery rule" applies to copyright claims.  *See, e.g.*, DE 30, pp.4-11; DE 51, pp.1-7 (citing cases purporting to apply a "discovery rule"); DE 64, pp.2-7.  But a review of circuit court opinions shows that few have actually *held* that a discovery rule applies to copyright infringement claims;

rather, most circuits have merely stated in *dicta* that a discovery rule applies, without actually *holding* that § 507(b) incorporates a "discovery rule." *See MSPA Claims 1*, 43 F.4th at 1266 n.2 (discussing the difference between a holding and a mere statement). Moreover, no circuit has properly interpreted *the text* of § 507(b) to conclude that a "discovery rule" applies.

The rise of the "discovery rule" in other circuits, as well as in the district court below, appears to result from "blend[ing] or confus[ing] the "discovery rule" with the equitable-tolling doctrine. As this Court has explained, "[t]he discovery rule is distinct from the equitable-tolling doctrine, [*Rotkiske*, 140 S. Ct. at 361], although '[t]he two doctrines are often blended or confused,' *id.* at 363 n.* (Ginsburg, J., dissenting in part and dissenting from the judgment)." *Fedance*, 1 F.4th at 1285. The confusion of these distinct concepts has led other circuits courts and district courts to state in dicta that a "discovery rule" applies to copyright claims, which has in turn resulted in the few cases which have actually held that a discovery rule applies.

As Judge Murphy explained in his *Everly* concurrence, "most of these decisions merely cite other decisions; they pay little attention to the statutory text of the Supreme Court's precedent." 958 F.3d at 461. Judge Murphy highlights that "[i]n an oft-cited example, the Ninth Circuit adopted the discovery rule in an unreasoned sentence, relying on a district-court decision

addressing the use of fraudulent concealment to toll a statute of limitations." 958 F.3d at 461-62 (citing *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128, 1135 (D. Nev. 1980) (citing *Prather*, 446 F.2d at 341))).

The statement in *Roley* that a "discovery rule" applied to copyright claims was mere dicta; that issue was not relevant to the decision in the opinion affirming dismissal of the claims as untimely. *See* 19 F.3d at 481-82 (rejecting Roley's "rolling statute of limitations" theory and affirming dismissal because the claims were untimely). The Ninth Circuit built on that dictum, holding in *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), that copyright claims accrue under the discovery rule. *Id.* at 705-07 (citing *Roley*). The Ninth Circuit has never analyzed the text of § 507(b) to determine the correct interpretation of "accrued."

The Third Circuit is the only circuit to have attempted to analyze the text of § 507(b). *See William A. Graham Co. v. Haughey*, 568 F.3d 425, 433-37 (3d Cir. 2009). For its textual analysis, the Third Circuit only considered that the language between the criminal[4] and civil provisions in § 507 uses different

---

[4] "CRIMINAL PROCEEDINGS.—Except as expressly provided otherwise in this title, no criminal proceeding shall be maintained under the provisions of this title unless it is commenced within 5 years after the cause of action arose." 17 U.S.C. § 507(a).

terminology. *Graham*, 568 F.3d at 434-35. The *Graham* panel considered a Supreme Court case that adopted the occurrence rule for a statute using the verb "arise," which is used in the criminal provision, with another that addressed a statute that used the verb "accrue," which the panel cited as adopting a discovery rule. *Ibid.* (comparing *McMahon v. United States*, 342 U.S. 25 (1951) and *Urie v. Thompson*, 337 U.S. 163 (1949)).[5]

But as Judge Murphy addresses in *Everly*, "[t]he canon that different words have different meanings 'is "no more than a rule of thumb" that can tip the scales when a statute could be read in multiple ways.'" 958 F.3d at 462 (Murphy, J., concurring) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 156 (2013)). And "[h]ere, the plain meaning of 'accrue' triggers the occurrence rule—as the

---

[5] A closer read of *Urie*, however, indicates that the Supreme Court held that the occupational disease sustained was not governed by a discovery rule. 337 U.S. at 169-70. Rather, the Court held—"assum[ing] that Congress intended to include" that disease within the relevant Act, the afflicted employee could not be held to have been "injured" until "the accumulated effects of the deleterious substance manifested themselves." *Id.* at 170 (quoting *Assoc. Indemnity Corp. v. Indus. Accident Comm'n*, 124 Cal. App. 378, 381 (Cal. Ct. App. 1932) ("It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves . . . .")). By contrast, the Copyright Act defines the injury as a "violation" of an exclusive right, which happens based on an infringing act. *See* 17 U.S.C. §§ 106 (exclusive rights), 501 (infringement).

Supreme Court has repeatedly said." *Ibid.* (citing *Gabelli*, 568 U.S. at 448; *Lindsay*, 346 U.S. at 569; *Fisher*, 317 U.S. at 221).

But the critical issue in *Graham* that caused the Third Circuit to apply a discovery rule was a *presumption* that a discovery rule applied, absent a contrary directive from Congress. *Id.* at 434 ("in the absence of a contrary directive from Congress, we apply the federal discovery rule."). The Supreme Court, and this Court, have flatly rejected that presumption. *See, e.g.*, *Rotkiske*, 140 S. Ct. at 360; *see also MSPA Claims 1*, 43 F.4th at 1265; *Foudy I*, 823 F.3d at 593-94 ("in the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations.").

The Third Circuit also appeared to be influenced by the false premise, often repeated, that "eight of our sister courts of appeals have applied the discovery rule to civil actions under the Copyright Act." *Id.* at 433 (citing *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44-46 (1st Cir. 2008); *Comcast v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390 (6th Cir. 2007); *Timex*, 384 F.3d at 705-07; *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001); *Daboub v. Gibbons*, 42 F.3d 285, 291 (5th Cir. 1995); *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)). But a careful reading of these cases—mindful of holdings versus dicta,

31

infringement versus copyright ownership, and the discovery rule versus the equitable-tolling doctrine—reveals that only the Ninth Circuit had precedent applying a discovery rule.[6]

Contrary to the Third Circuit's statement, only one of those eight cases actually "held" that a discovery rule applies to copyright infringement claims. *Warren Freedenfeld* did not address the issue; it reversed a 12(b)(6) dismissal because inquiry notice—relevant to a "discovery rule," but also to equitable tolling—wasn't compelled by the pleadings. 531 F.3d at 44-46. Similarly, in *Roger Miller* the Sixth Circuit agreed that infringements occurring more than

---

[6] The Second Circuit later held that a discovery rule applied in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 49-51 (2d Cir. 2020). But that holding was based on the panel's incorrect belief that it was "bound" by a prior panel decision. *Id.* at 49-50 ("In *Psihoyos*, this Court adopted the 'discovery rule' for determining when a copyright infringement claim accrues.") (citing *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014)). The *Psihoyos* decision, however, did not actually hold that a discovery rule applied, as that determination was not "pivotal" to its decision. *See id.* at 126-27; *see also MSPA Claims 1*, 43 F.4th at 1266 n.2 (discussing holdings versus dicta).

In *Psihoyos*, the Second Circuit affirmed statutory damage awards based on infringements occurring in books that were published between two (2) years prior to filing suit and six (6) years prior to filing suit. 748 F.3d at 122, 126-27. Consideration of earlier infringements, even if barred as independent claims, is proper in a statutory damages analysis. *See, e.g.*, *Midlevelu, Inc. v. ACI Info Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021) (permitting evidence of infringement of unregistered works, which could not form the basis of an infringement claim, "for the limited purpose of helping [the jury] evaluate" statutory damages factors). *Psihoyos* does not identify any awards based on works that were only infringed in publications made more than three (3) years prior to filing suit, and therefore does not "hold" that a discovery rule applies.

three years before filing suit were barred, permitting only the claims for acts *occurring* within three years of filing to proceed, as well as the claim for a declaration of ownership. 477 F.3d at 390-91.

*Gaiman* and *Stone* dealt only with declaratory judgment claims seeking declarations of ownership—not copyright infringement. *Gaiman*, 360 F.3d at 652-53 ("A minor wrinkle concerning the statute of limitations defense is that Gaiman's suit is not a suit for infringement."); *Stone*, 970 F.2d at 1047-49 ("Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim based on such rights would also be barred.").[7] Moreover, *Stone* did not apply a discovery rule— it applied the equitable-tolling doctrine. *Stone*, 970 F.2d at 1048.

While *Lyons P'ship* stated that a discovery rule applied, quoting a prior panel decision—it did not hold that one applied. 243 F.3d at 796-97 (citing *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir.

---

[7] Though not discussed or analyzed in any case seeking a declaration of copyright ownership, it is not clear that § 507(b) applies to copyright ownership claims, as the direct claim for relief against a co-owner is for an accounting and a share of profits, not for infringement. *See* House Report No. 94-1476, §201, p.121 ("There is also no need for a specific statutory provision concerning the rights and duties of the coowners of a work; court-made law on this point is left undisturbed. Under the bill, as under the present law, coowners of a copyright would be treated generally as tenants in common, with each coowner having an independent right to use o[r] license the use of a work, subject to a duty of accounting to the other coowners for any profits.").

1997)).  The holding in *Lyons P'ship* was that claims that occurred within three (3) years of filing suit were timely, even though the plaintiff was barred by the statute of limitations from bringing claims based on older infringements.  *Id.* at 797.  Similarly, the holding in *Hotaling* was that all but one (1) act of infringement occurred more than three (3) years before the suit was filed, but the claim was timely based on the one (1) act that occurred within three (3) years of filing the suit.  118 F.3d at 204-05.

Further, *Daboub* was not a copyright case or a "discovery rule" case.  *See* 42 F.3d at 287 ("The magistrate judge found that the Nightcaps' state and federal claims were either preempted by the Federal Copyright Statute, 17 U.S.C. § 101, *et seq.*, (the 'Copyright Act'), or were barred by the applicable statute of limitations.").  The Fifth Circuit held that the state claims were preempted under the Copyright Act and untimely under state statutes of limitations.  *Id.* at 290-91.  The court also did not hold that a discovery rule applied, stating "[w]ith regard to the remaining causes of action, including the RICO claim, ***even if the discovery rule did apply***, we agree with the district court that those causes of action are barred by the limitations."  *Id.* at 291 (emphasis added).

Similarly, *Comcast* was **not** a copyright case.  491 F.3d at 940 ("Comcast of Illinois initiated this action . . . alleging that they had violated the Cable Communications Policy Act and injured Comcast by illegally distributing cable

34

descramblers.").   The Cable Communications Policy Act lacks its own statute of limitation, so the parties "proceeded on the assumption that the timeliness of th[e] suit [wa]s governed by the three year statute of limitations borrowed from the Copyright Act."   *Id.* at 943.   Without deciding what limitations period applied, the Eighth Circuit affirmed that the claims were timely.   *Ibid.* ("In this case we need not choose between the federal copyright law or state law because Nebraska's antipiracy statute, Neb. Rev. Stat. § 28-515.01, has a limitations period of eighteen months and we conclude that Comcast should have first been aware of appellants' activities in February 2003, six months before the complaint was filed on August 8, 2003.").

Notably, the Eighth Circuit in *Comcast* relied on the now-rejected *presumption* that "[i]n federal question cases, the discovery rule applies 'in the absence of a contrary directive from Congress.'"   *Id.* at 944 (quoting *Union Pac. R.R. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998)); *but see Foudy I*, 823 F.3d at 593-94 ("Read together, these cases instruct that, in the absence of a clear Congressional directive or a self-concealing violation, the court should not graft a discovery rule onto a statute of limitations.").

The only case cited in *Graham* that actually held that a discovery rule applied to copyright claims was the Ninth Circuit's *Timex* decision.   *See Timex*, 384 F.3d at 705-07.   But the *Timex* decision did not address the text of § 507(b),

it relied only on the single sentence in *Roley* inventing a discovery rule—in dicta—based on the equitable-tolling doctrine. *See Timex*, 384 F.3d at 705-07; *see also Roley*, 19 F.3d at 481 (citing *Wood*, 507 F. Supp. at 1135-36 (addressing equitable tolling for fraudulent concealment)).

While *Graham* suggests wide adoption of a "discovery rule", it serves to highlight the problem that courts have frequently "blended or confused" a "discovery rule" with the equitable-tolling doctrine. *See Fedance*, 1 F.4th at 1285. That has resulted in dicta which has then been misinterpreted as holdings, without reviewing the statutory text. Few circuit courts of appeals have actually *held* that copyright infringement claims accrue under a "discovery rule." The remaining cases were either dicta and/or were addressing declaratory judgment claims for copyright ownership (sometimes referred to as copyright "ownership claims"). A proper reading of the text and precedent shows that copyright infringement claims "accrue[]" when an infringing act occurs.

\*   \*   \*

By applying a "discovery rule" to § 507(b), the district court erred. The text and structure of the Copyright Act makes clear that infringement claims "accrue" based on the occurrence of an infringing act, but those claims can be equitably tolled if the facts support tolling. Under this Court's precedent, AAP's claims were dismissed after the limitations period expired, making Property

Matters the prevailing party. The district court erred in concluding otherwise. This Court should reverse the district court's order, hold that copyright claims "accrue[]" when an infringing act occurs, and hold that Property Matters was the prevailing party in the action below. The matter should then be remanded to the district court to address the remaining issues in Property Matters's fee motion.

## II. The District Court Erred Further When Applying the Discovery Rule Because It Failed to Charge AAP With Constructive Knowledge of the Public Acts of Alleged Infringement.

The denial of Property Matters's fee motion was also error because, assuming *arguendo* that a "discovery rule" applies to § 507(b)—which, as addressed *supra*, Section I, it does not—AAP must be charged with *constructive knowledge* of the public acts of alleged infringement more than three years before the claims against Property Matters were dismissed. The district court erred by failing to apply this Court's and the Supreme Court's precedent for when a party is charged with constructive knowledge.

### A. AAP Had the Means to Know of the Public Acts of Alleged Infringement and Therefore is Charged With Constructive Knowledge of Them.

As this Court recognized in *Foudy II*, "the constructive knowledge element [of a discovery rule] can cause it to function as an occurrence rule, holding a plaintiff 'should have known' about an injury at the moment it occurs." 845

F.3d at 1123 (citing first *Hillcrest Prop., LLC v. Pasco Cty.*, 754 F.3d 1279, 1283 (11th Cir. 2014) (concluding harm occurred when ordinance was passed and finding plaintiffs knew or should have known of their injury at that time); citing second *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (holding an Eighth Amendment method of execution claim accrues on the later of the date on which state review is complete, or the date on which the litigant becomes subject to a new or substantially changed execution protocol); citing third *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (finding equal protection claims accrued when allegedly discriminatory county board vote was taken because that is when injury occurred and plaintiffs had not met their burden to show that they were 'justifiably ignorant' of the action at that time)).

This Court's holdings echo the long-held position of the Supreme Court. In one of the first Supreme Court cases (if not *the* first case) to address equitable tolling and the "discovery" of claims, the Court held that "the means of knowledge are the same thing in effect as knowledge itself." *Wood v. Carpenter*, 101 U.S. 135, 143 (1879). Articulating the vital "security and stability" provided by statutes of limitations, the Court explained:

> Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they

> supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together.

*Id.* at 139; *see also Gabelli*, 568 U.S. at 448 ("They provide 'security and stability to human affairs. [*Wood*, 101 U.S. at 139]. We have deemed them 'vital to the welfare of society,' *ibid.*, and concluded that 'even wrongdoers are entitled to assume that their sins may be forgotten,' *Wilson v. Garcia*, [471 U.S. 261, 271 (1985)].").

Following these principles, the Court held in *Wood* that "[a] party seeking to avoid the bar of the statute [of limitations] on account of fraud must aver and show that he used due diligence to detect it, **and if he had the means of discovery in his power, he will be held to have known it**." 101 U.S. at 141 (emphasis added); *see also id.* at 143 ("There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself.").

Here, AAP had the "means of knowledge," the "means of discovery." The alleged infringement was the *public display* of the accused image online. DE 40, p.5 (§5, ¶¶1-6). Even if the alleged copying of the image (the violation of the reproduction right) was not public, the later act of publicly displaying the accused image online was enough that AAP is charged with *constructive knowledge* of the alleged infringement since at least April 30, 2017—when it was publicly displayed and available to be discovered. *See, e.g.*, *Wood*, 101 U.S. at

141, 143; *Foudy II*, 845 F.3d at 1123.  AAP had the means of knowledge and the means of discovering the alleged infringement—it is therefore charged with *constructive* knowledge as of (at least) April 30, 2017.

Though the "discovery rule" does not apply to claims under the Copyright Act, assuming *arguendo* that they do, the district court erred by failing to charge AAP with constructive knowledge from the date that the alleged infringing activity was *publicly* displayed.  Instead, it determined that AAP was not charged with knowledge until it *actually discovered* the alleged infringement.  DE 65, pp.4-5.  By failing to address the constructive knowledge prong of a "discovery rule"—which "can cause it to function as an occurrence rule"—the district court further erred in its application of the discovery rule.

### B.  AAP Knew That Its Works—Including the Specific Work at Issue in This Action—Were Being Infringed on Websites, and Therefore is Charged With Constructive Knowledge of Public Acts of Alleged Infringement.

The district court erred in not charging AAP with constructive knowledge of the alleged infringement by at least 2018, when AAP was aware that the subject Work was being infringed online.   The district court's error allows AAP to dictate its own "discovery"—and thus the commencement of the limitations period—contrary to the well-articulated principles behind Congress's decision to have a statute of limitations.  *See Wood*, 101 U.S. at 141, 143; *see also Gabelli*,

40

568 U.S. at 448-49.  The decision is contrary to this Court's precedent and Supreme Court precedent.

AAP admits that it was aware in 2008 that it needed to protect its works from infringements. DE 40, p.4 (§5, ¶8).  It admits that it searched online for the subject Work once a year "because [it] was a preferred photo."  Hearing Tr., p.105:1-6.  But it only searched a "rotating subset" of its various photographs each year. *Id.*, pp. 86:16–87:11.  Nevertheless, those searches resulted in finding other alleged infringements of this Work in 2018 and 2019.  *Id.*, pp.105:13–107:9.

But AAP admits that only two people working for AAP search for infringements.  DE 40, p.5 (§5, ¶12).  Searches are only conducted during "free time," when not occupied with AAP's other business activities.  DE 40, p.4 (§5, ¶¶9-10, 13).  AAP knows it could hire someone to search online to locate potential infringements, but it has not.  DE 40, p.4 (§5, ¶16).  It knows that there are services that will monitor the internet for evidence of infringement so that AAP and its employees do not have to search; AAP does not use such a service. DE 40, p.4 (§5, ¶¶19-20).

The accused image, i.e., the evidence of alleged infringement, was publicly available on Property Matters's website as of at least April 30, 2017, and AAP discovered it on February 21, 2022.  Given AAP's once-a-year

41

searches, that means AAP only needed to search five (5) or six (6) times to find the infringement.  AAP could have performed those five (5) or six (6) searches in 2017 and discovered the alleged infringement at that time, or in 2018, or even in 2019.  AAP chose, however, to only search once a year—despite knowing that its works in general and this Work in particular, were being infringed online.

Under a "discovery rule," a plaintiff is charged with *constructive knowledge* of an injury when it has the means of discovering the alleged injury.  *See, e.g.*, *Wood*, 101 U.S. at 141, 143; *Foudy II*, 845 F.3d at 1123.  The district court erred by failing to address the constructive knowledge prong of a "discovery rule," contrary to precedent from this Court and the Supreme Court.

*   *   *

The evidence of alleged infringement was publicly available and could have been discovered since at least April 30, 2017.  AAP had the means of discovery but did not diligently seek to discover the alleged infringement.  Instead, AAP selectively chose what images to search for and did not hire a company to monitor the internet for infringements.  Ultimately, AAP discovered the alleged infringement after only five (5) or six (6) online searches—but chose to conduct such searches over five (5) or six (6) *years*.  Under this Court's precedent and the Supreme Court's precedent, AAP should have been charged

with constructive knowledge of the public evidence of alleged infringement. The district court erred in concluding otherwise.

AAP's claims against Property Matters were dismissed more than three years after AAP should have been charged with constructive knowledge of the alleged infringement; those claims are now barred by the Copyright Act's statute of limitations—even *if* a "discovery rule" applied to the Copyright Act—making Property Matters the prevailing party as a matter of law.

## III. BECAUSE THE CLAIMS AGAINST PROPERTY MATTERS WERE DISMISSED MORE THAN THREE (3) YEARS AFTER THEY "ACCRUED" UNDER THE CORRECT CONSTRUCTION OF 17 U.S.C. § 507(b), THE DISTRICT COURT LEGALLY ERRED IN CONCLUDING THAT PROPERTY MATTERS WAS NOT THE PREVAILING PARTY.

AAP's claims against Property Matters were dismissed *after* the limitations period for those claims expired, therefore Property Matters is the prevailing party in this action. The district court erred in determining that copyright infringement claims "accrue" based on a discovery rule, *supra*, Section I, erred in applying the discovery rule, *supra*, Section 2, and therefore erred by concluding that Property Matters was not the prevailing party and denying Property Matters's fee motion on those grounds. *See* DE 65, pp.4-5.

When claims are dismissed, even when labeled "without prejudice," but the relevant limitations period has expired, such dismissal is *effectively* "with prejudice," and the defendant is the prevailing party. The parties stipulated, the

district court determined, and precedent has long held, that when claims are dismissed after the limitations period has expired, the plaintiff is barred from refiling and the defendant is the prevailing party. *See, e.g.*, DE 40, p.6 (§7, ¶¶2-3) (stipulations); DE 65, pp.2-3; *Willard v. Wood*, 164 U.S. 502, 523 (1896) ("where from any cause a plaintiff becomes nonsuit or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred."); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)[8] (a dismissal without prejudice after the applicable statute of limitations has run has the effect of precluding a party from pursuing his case in a later action); *Stein v. Reynolds Secur., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("[t]he fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) ("Where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice.") (quotation marks omitted); *Hilton International Co. v. Union de Trabajadores de La Industria Gastronomica de Puerto Rico*, 833 F.2d 10, 11 (1st Cir. 1987) ("The weight of authority, however, is that dismissal by the court for punitive or other reasons, even though labeled 'without prejudice,' is, in fact,

---

[8] Adopted as precedent. *Bonner*, 661 F.2d at 1207.

44

with prejudice if the statute of limitations has run.") (collecting cases); *Justice v. United States*, 6 F.3d 1474, 1481 and n.15 (11th Cir. 1993) (quoting *Hilton*).

Here, AAP's claims were dismissed "without prejudice" but *after* the Copyright Act's limitations period had expired. As such, AAP's claims were *effectively* dismissed "with prejudice," and Property Matters is the prevailing party as a matter of law. This Court should therefore reverse the district court's conclusion that Property Matters was not the prevailing party, and remand the matter for the district court to resolve Property Matters's fee motion.

## CONCLUSION

This Court should reverse the district court's order, hold that copyright claims "accrue[]" when an infringing act occurs, and hold that Property Matters was the prevailing party in the action below, based on the correct application of the Copyright Act's statute of limitations, 17 U.S.C. § 507(b). The matter should be remanded back to the district court to weigh the factors and perform the required analysis under 17 U.S.C. § 505 and for the district court to determine the proper fee award for this case.

Date: September 25, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Andrew D. Lockton*
　　　　　　　　　　　　　　　　　Andrew D. Lockton
　　　　　　　　　　　　　　　　　Edward F. McHale
　　　　　　　　　　　　　　　　　McHale & Slavin, P.A.
　　　　　　　　　　　　　　　　　2855 PGA Boulevard

Palm Beach Gardens, Florida 33410
Telephone:  561-625-6575
Facsimile:  561-625-6572
Email:         alockton@mchaleslavin.com
                    emchale@mchaleslavin.com
                    litigation@mchaleslavin.com

*Counsel for Defendant-Appellant Property
Matters USA, LLC*

# ADDENDUM

**Pages**

**TEXT OF RELEVANT U.S. CODE SECTIONS**

U.S. Code, Title 17, Section 507 .................................................................. a1

**TEXT OF RELEVANT STATUTES-AT-LARGE SECTIONS**

An Act To amend title 17 of the United States Code entitled "Copyrights" to provide for a statute of limitations with respect to civil actions, Pub. L. 85-314, Sept. 7, 1957, 71 Stat. 633 ............................................................... a2

An Act For the general revision of the Copyright Law, title 17 of the United States Code, and for other purposes, Pub. L. 94-553, title I, §101, Oct. 19, 1976, 90 Stat. 2541, 2586 ........................................................................ a3

**17 USC 507: Limitations on actions**
Text contains those laws in effect on September 18, 2023

**From Title 17-COPYRIGHTS**
    CHAPTER 5-COPYRIGHT INFRINGEMENT AND REMEDIES
**Jump To:**
    **Source Credit**
    **Miscellaneous**
    **Amendments**

# §507. Limitations on actions

(a) CRIMINAL PROCEEDINGS.-Except as expressly provided otherwise in this title, no criminal proceeding shall be maintained under the provisions of this title unless it is commenced within 5 years after the cause of action arose.

(b) CIVIL ACTIONS.-No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.

( Pub. L. 94–553, title I, §101, Oct. 19, 1976, 90 Stat. 2586 ; Pub. L. 105–147, §2(c), Dec. 16, 1997, 111 Stat. 2678 ; Pub. L. 105–304, title I, §102(e), Oct. 28, 1998, 112 Stat. 2863 .)

## HISTORICAL AND REVISION NOTES

### HOUSE REPORT NO. 94–1476

Section 507, which is substantially identical with section 115 of the present law [section 115 of former title 17], establishes a three-year statute of limitations for both criminal proceedings and civil actions. The language of this section, which was adopted by the act of September 7, 1957 (71 Stat. 633) [ Pub. L. 85–313, §1, Sept. 7, 1957, 71 Stat. 633 ], represents a reconciliation of views, and has therefore been left unaltered.

### EDITORIAL NOTES

## AMENDMENTS

**1998**-Subsec. (a). Pub. L. 105–304 substituted "Except as expressly provided otherwise in this title, no" for "No".

**1997**-Subsec. (a). Pub. L. 105–147 substituted "5" for "three".

a1

issued under the 1954, 1955, and 1956 emergency feed programs, by recognizing as valid those purchases and deliveries of designated surplus mixed feeds, which (a) were actually purchased by the farmer from the dealer on or after the date the Secretary declared the county, where the purchase order was issued, to be eligible for assistance under the emergency feed program, and (b) are found to have been physically delivered to the farmer not later than six months from the expiration date of the purchase order issued to the farmer.

Approved September 7, 1957.

Public Law 85-313

## AN ACT

To amend title 17 of the United States Code entitled "Copyrights" to provide for a statute of limitations with respect to civil actions.

September 7, 1957<br>[H. R. 277]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That section 115 of title 17, United States Code, is hereby amended to read as follows:

"§ 115. Limitations

Copyrights.<br>Civil actions.<br>61 Stat. 652.

"(a) CRIMINAL PROCEEDINGS.—No criminal proceedings shall be maintained under the provisions of this title unless the same is commenced within three years after the cause of action arose.

"(b) CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued."

SEC. 2. The amendments made by this Act shall take effect one year after the date of enactment of this Act and shall apply to all actions commenced on or after such effective date.

SEC. 3. The chapter analysis of chapter 2 of title 17 preceding section 101 is amended by striking out

" '115. Limitation of criminal proceedings'

and inserting

" '115. Limitations' ".

Approved September 7, 1957.

Public Law 85-314

## AN ACT

To permit the Secretary of Agriculture to sell to individuals land in Ottawa County, Michigan, which was acquired pursuant to the provisions of title III of the Bankhead-Jones Farm Tenant Act.

September 7, 1957<br>[H. R. 7900]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) the Secretary of Agriculture may sell to individuals such real property in Ottawa County, Michigan, as (1) was acquired by him pursuant to the provisions of section 32 of the Bankhead-Jones Farm Tenant Act (7 U. S. C. 1011), (2) is being administered by him, and (3) he determines is not needed for public purposes and is suitable for private ownership.

Ottawa County,<br>Mich.<br>Sale of land.<br><br>50 Stat. 526.

(b) The Secretary of Agriculture shall sell real property which is sold pursuant to the provisions of subsection (a) to the highest responsible bidder but at not less than the fair market price thereof as determined by him and in such parcels and subject to such terms and conditions as he may prescribe.

Approved September 7, 1957.

AUTHENTICATED<br>U.S. GOVERNMENT<br>INFORMATION<br>GPO

a2

PUBLIC LAW 94–553—OCT. 19, 1976        90 STAT. 2541

Public Law 94–553
94th Congress

## An Act

For the general revision of the Copyright Law, title 17 of the United States Code, and for other purposes.

Oct. 19, 1976
[S. 22]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Title 17, USC, copyrights.

## TITLE I—GENERAL REVISION OF COPYRIGHT LAW

SEC. 101. Title 17 of the United States Code, entitled "Copyrights", is hereby amended in its entirety to read as follows:

# TITLE 17—COPYRIGHTS

| CHAPTER | Sec. |
|---|---|
| 1. SUBJECT MATTER AND SCOPE OF COPYRIGHT | 101 |
| 2. COPYRIGHT OWNERSHIP AND TRANSFER | 201 |
| 3. DURATION OF COPYRIGHT | 301 |
| 4. COPYRIGHT NOTICE, DEPOSIT, AND REGISTRATION | 401 |
| 5. COPYRIGHT INFRINGEMENT AND REMEDIES | 501 |
| 6. MANUFACTURING REQUIREMENT AND IMPORTATION | 601 |
| 7. COPYRIGHT OFFICE | 701 |
| 8. COPYRIGHT ROYALTY TRIBUNAL | 801 |

## Chapter 1.—SUBJECT MATTER AND SCOPE OF COPYRIGHT

Sec.
101. Definitions.
102. Subject matter of copyright: In general.
103. Subject matter of copyright: Compilations and derivative works.
104. Subject matter of copyright: National origin.
105. Subject matter of copyright: United States Government works.
106. Exclusive rights in copyrighted works.
107. Limitations on exclusive rights: Fair use.
108. Limitations on exclusive rights: Reproduction by libraries and archives.
109. Limitations on exclusive rights: Effect of transfer of particular copy or phonorecord.
110. Limitations on exclusive rights: Exemption of certain performances and displays.
111. Limitations on exclusive rights: Secondary transmissions.
112. Limitations on exclusive rights: Ephemeral recordings.
113. Scope of exclusive rights in pictorial, graphic, and sculptural works.
114. Scope of exclusive rights in sound recordings.
115. Scope of exclusive rights in nondramatic musical works: Compulsory license for making and distributing phonorecords.
116. Scope of exclusive rights in nondramatic musical works: Public performances by means of coin-operated phonorecord players.
117. Scope of exclusive rights: Use in conjunction with computers and similar information systems.
118. Scope of exclusive rights: Use of certain works in connection with noncommercial broadcasting.

### § 101. Definitions

17 USC 101.

As used in this title, the following terms and their variant forms mean the following:

An "anonymous work" is a work on the copies or phonorecords of which no natural person is identified as author.

"Audiovisual works" are works that consist of a series of related images which are intrinsically intended to be shown by the use of machines or devices such as projectors, viewers, or electronic equipment, together with accompanying sounds, if any, regardless


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

89-194 O—78—pt. 2—68

a3

90 STAT. 2586        PUBLIC LAW 94–553—OCT. 19, 1976

broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

17 USC 505.

**§ 505. Remedies for infringement: Costs and attorney's fees**

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 USC 506.

**§ 506. Criminal offenses**

(a) CRIMINAL INFRINGEMENT.—Any person who infringes a copyright willfully and for purposes of commercial advantage or private financial gain shall be fined not more than $10,000 or imprisoned for not more than one year, or both: *Provided, however,* That any person who infringes willfully and for purposes of commercial advantage or private financial gain the copyright in a sound recording afforded by subsections (1), (2), or (3) of section 106 or the copyright in a motion picture afforded by subsections (1), (3), or (4) of section 106 shall be fined not more than $25,000 or imprisoned for not more than one year, or both, for the first such offense and shall be fined not more than $50,000 or imprisoned for not more than two years, or both, for any subsequent offense.

(b) FORFEITURE AND DESTRUCTION.—When any person is convicted of any violation of subsection (a), the court in its judgment of conviction shall, in addition to the penalty therein prescribed, order the forfeiture and destruction or other disposition of all infringing copies or phonorecords and all implements, devices, or equipment used in the manufacture of such infringing copies or phonorecords.

(c) FRAUDULENT COPYRIGHT NOTICE.—Any person who, with fraudulent intent, places on any article a notice of copyright or words of the same purport that such person knows to be false, or who, with fraudulent intent, publicly distributes or imports for public distribution any article bearing such notice or words that such person knows to be false, shall be fined not more than $2,500.

(d) FRAUDULENT REMOVAL OF COPYRIGHT NOTICE.—Any person who, with fraudulent intent, removes or alters any notice of copyright appearing on a copy of a copyrighted work shall be fined not more than $2,500.

(e) FALSE REPRESENTATION.—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

17 USC 507.

**§ 507. Limitations on actions**

(a) CRIMINAL PROCEEDINGS.—No criminal proceeding shall be maintained under the provisions of this title unless it is commenced within three years after the cause of action arose.

(b) CIVIL ACTIONS.—No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.

17 USC 508.

**§ 508. Notification of filing and determination of actions**

(a) Within one month after the filing of any action under this title, the clerks of the courts of the United States shall send written notification to the Register of Copyrights setting forth, as far as is

a4

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B), because this brief contains 10,756 words, as counted by Microsoft Word, excluding the parts of this brief exempted by Federal Rule of Appellate Procedure 32(f) and 11th Cir. R. 32-4.

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Calisto MT font.

September 25, 2023                    */s/ Andrew D. Lockton*
                                      Andrew D. Lockton

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 25, 2023, I electronically filed the foregoing Appellant's Opening Brief with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF filing system, which would ordinarily send notice to all counsel of record and constitutes electronic service pursuant to 11th Cir. R. 25-3(f), and mailed paper copies pursuant to Fed. R. App. P. 25(a)(2)(A)(ii).

September 25, 2023                    */s/ Andrew D. Lockton*
                                      Andrew D. Lockton