No. 23-12563

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

_____

PROPERTY MATTERS USA, LLC,

Defendant – Appellant,

v.

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

Plaintiff – Appellee

_____

On Appeal from the United States District Court
For the Southern District of Florida, Case No. 2:22-cv-14296-AMC
_____

**APPELLEE'S ANSWER BRIEF**
_____

**Daniel DeSouza, Esq.**
CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
*Counsel for Appellee*

Dated: October 30, 2023

## STATEMENT OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Appellee certifies that the following persons have an interest in the outcome of this appeal:

1.      Affordable Aerial Photography, Inc., plaintiff/appellee.  Appellee states that it does not have any parent corporation and that no publicly held corporation owns 10% or more of the stock in Appellee.

2.      Property Matters USA, LLC, defendant/appellant.

3.      CopyCat Legal PLLC, attorney for appellee Affordable Aerial Photography, Inc.

4.      Daniel DeSouza, Esq., attorney for appellee Affordable Aerial Photography, Inc.

5.      James D'Loughy, Esq., attorney for appellee Affordable Aerial Photography, Inc.

6.      McHale & Slavin, P.A., attorney for appellant Property Matters USA, LLC.

7.      Andrew D. Lockton, Esq., attorney for appellant Property Matters USA, LLC.

8.      The Honorable Aileen M. Cannon.

9.      The Honorable Ryon M. McCabe

i

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellee Affordable Aerial Photography, Inc. does not request oral argument.

# **TABLE OF CONTENTS**

STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT……………………………………….…………....i

STATEMENT REGARDING ORAL ARGUMENT………..……………………...ii

TABLE OF CONTENTS……………………………………………..…………iii

TABLE OF AUTHORITIES……………………………………….....…....…iv

STATEMENT OF THE ISSUES……………………………...……...…………..1

STATEMENT OF THE CASE……………………………...……….....…....1

I.     Nature of the Case……………………………………….………………1

II.    Course of Proceedings and Disposition Below……………………….…………1

SUMMARY OF THE ARGUMENT……………………………………..……3

ARGUMENT…………………………………………………...…...….…4

I.     The Trial Court Properly Applied the Discovery Rule to Copyright Infringement Claims……………….....................………………..4

II.    If a Tree Falls in the Forest… Appellant's Constructive Knowledge Argument……………………………………………….……15

CONCLUSION ………………………………………………………...…20

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ………………………...20

CERTIFICATE OF SERVICE …………………………………………………….22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Am. Bd. of Internal Med. v. Rushford</u>, 841 F. App'x 440 (3d Cir. 2020)……..…..12

<u>Athos Overseas, Ltd. v. YouTube, Inc.</u>, 2022 U.S. Dist. LEXIS 57302 (S.D. Fla. Mar. 29, 2022)………………………………………………….…9

<u>Brandon v. Warner Bros Records</u>, 2015 U.S. Dist. LEXIS 190564 (S.D. Fla. Dec. 15, 2015)………………………………………………...……….10

<u>Calhoun v. Lillenas Publ'g</u>, 298 F.3d 1228 (11th Cir. 2002)…………….……10, 11

<u>Chelko v. Does JF Rest., LLC</u>, 2019 U.S. Dist. LEXIS 121590 (W.D.N.C. July 22, 2019)…………………………….……………………………13

<u>Design Basics, LLC v. Chelsea Lumber Co.</u>, 977 F. Supp. 2d 714 (E.D. Mich. 2013)……………………………………………………………………18

<u>D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.</u>, 516 F. Supp. 3d 121 (D.N.H. 2021)……………………………………………...…………….13

<u>Duncanson v. Wathen</u>, 2016 U.S. Dist. LEXIS 183674 (M.D. Fla. Apr. 14, 2016)……………………………………………………………10

<u>Edwards v. Take Fo' Records, Inc.</u>, No. 19-12130, 2020 U.S. Dist. LEXIS 119246 (E.D. La. July 8, 2020)…………………………………………….13

<u>Fioranelli v. CBS Broad. Inc.</u>, 551 F. Supp. 3d 199 (S.D.N.Y. 2021)…………...…17

<u>Frerck v. John Wiley & Sons, Inc.</u>, 2014 U.S. Dist. LEXIS 95099 (N.D. Ill. July 14, 2014)………………………………………………………………17

<u>Graper v. Mid-Continent Cas. Co.</u>, 756 F.3d 388 (5th Cir. 2014)…………...…….12

<u>Hirsch v. Rehs Galleries, Inc.</u>, 2020 U.S. Dist. LEXIS 32926 (S.D.N.Y. Feb. 26, 2020)……………………………………………………..17

<u>Home Design Servs. v. Hibiscus Homes of Fla., Inc.</u>, 2005 U.S. Dist. LEXIS 32788 (M.D. Fla. Dec. 13, 2005)……………………………………..11

Johansen v. Modrak, 2019 U.S. Dist. LEXIS 11185 (S.D. Fla. Jan. 23, 2019)……10

Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942 (5th Cir. 2009)………13

Lorentz v. Sunshine Health Prods., 2010 U.S. Dist. LEXIS 101019
(S.D. Fla. Aug. 27, 2010)……………………………………………………………..11

Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789 (4th Cir. 2001)………14

Martinelli v. Hearst Newspapers, L.L.C., 65 F.4th 231 (5th Cir. 2023)...…3, 4, 5, 19

Minden Pictures, Inc. v. Conversation Prints, LLC, 2022 U.S. Dist.
LEXIS 179602 (E.D. Mich. Sep. 30, 2022)…………………………………...………17

Music v. Atl. Recording Corp., 2021 U.S. Dist. LEXIS 43980
(S.D. Fla. Mar. 8, 2021)…………………………………………………………….....9

Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023)………….3, 6

On Top Records Corp. v. Sunflower Entm't Co., 2015 U.S. Dist.
LEXIS 190973 (S.D. Fla. Oct. 28, 2015)……………………………...……………10

Parisienne v. Scripps Media, Inc., 2021 U.S. Dist. LEXIS 154960
(S.D.N.Y. Aug. 17, 2021)…………………………………………………...………16

PK Music Performance, Inc. v. Timberlake, 2018 U.S. Dist. LEXIS
169652 (S.D.N.Y. Sep. 30, 2018)…………………………………………...………15

Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica
Intern. Corp., 998 F. Supp. 2d 1340 (S.D. Fla. 2014)……………………...………11

Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020)…………………….………3, 8

Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236
(9th Cir. 2022)…………………………………………………...………………3, 11

Stross v. Hearst Communs., Inc., 2020 U.S. Dist. LEXIS 161293
(W.D. Tex. Sept. 3, 2020)………………………………………….………………13

Tomelleri v. Natale, 2022 U.S. Dist. LEXIS 65893
(S.D. Fla. Feb. 18, 2022)…………………………………………………………9

Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38 (1st Cir. 2008)…………....13

Webster v. Dean Guitars, 955 F.3d 1270 (11th Cir. 2020)……………….………6, 7

Wilson v. Kelly, 2020 U.S. Dist. LEXIS 258889 (N.D. Ga. Mar. 5, 2020)…………9

**Statutes**

17 U.S.C. § 507……………………………………..……………………………….7

## STATEMENT OF THE ISSUES

Whether this Court, and every other federal Circuit and district court across the country, is incorrect in applying a discovery rule to determine when a claim accrues under the Copyright Act.

Whether a copyright owner is charged with constructive notice/knowledge of an infringement the moment an infringement occurs, irrespective of 'storm warnings' of such infringement.

## STATEMENT OF CASE

### I.    Nature of the Case

Appellee Affordable Aerial Photography, Inc. ("AAP") filed the underlying lawsuit for copyright infringement against appellant Property Matters USA, LLC ("Appellant") and Home Junction Inc. ("Home Junction").  AAP asserted that Appellant and/or Home Junction infringed a photograph owned/created by AAP by displaying such on Appellant's website.

### II.    Course of Proceedings and Disposition Below

On August 21, 2022, AAP filed its Complaint for copyright infringement against Appellant and Home Junction.  See Appellant's Appendix (the "Appendix"), Vol. 1, at p. 6 of 238.    As stated in the original Complaint, AAP first discovered Appellant's/Home Junction's alleged infringement *in February 2022*.[1]  Id. at p. 20,

---

[1]        See original Complaint, at ¶ 29.  See also Declaration of Robert Stevens, dated January 10, 2023 (the "Stevens Decl."), a true and correct copy of which is attached hereto as Exhibit "A," at ¶ 5.

1

of 238, ¶ 29. On October 7, 2022, Appellant filed a Motion to Dismiss AAP's Complaint. Id. at p. 7 of 238. On October 13, 2022, the Trial Court entered a Paperless Order denying Appellant's motion to dismiss as the Trial Court had previously entered an Order requiring a combined response (by both defendants) to be filed. Id. By October 18, 2022, counsel for AAP had been contacted by counsel for Home Junction who indicated that his client was responsible for the subject infringement. Id. at p. 153 of 238. As a result, AAP on October 18, 2023 filed a Notice of Voluntary Dismissal Without Prejudice with respect to Appellant only. Id. at p. 7 of 238. The Trial Court on October 20, 2023 then entered an Order dismissing any claims against Appellant without prejudice. Id. Thereafter, AAP and Home Junction filed a joint notice of settlement on November 9, 2022 and a stipulation of voluntary dismissal on November 10, 2022. Id. at p. 8 of 238.

On December 19, 2022, Appellant filed its Motion for Attorneys' Fees and Costs (the "Motion for Fees"). Id. at p. 8 of 238. On February 22, 2023, the Trial Court heard oral argument on the Motion for Fees and ultimately determined that an evidentiary hearing thereon was necessary. Id. On April 13, 2023, the Trial Court held an evidentiary hearing on the Motion for Fees. Id. at p. 9 of 238. The Trial Court heard testimony from various witnesses (Theodore W. Brown, Robert Stevens, Hali Thomas, Joe Naylor, and Mateusz Rymarski) and likewise received multiple exhibits. Id. Ultimately, the Trial Court denied the Motion for Fees, finding both that the discovery rule applies with respect to claim accrual under the

Copyright Act and that AAP acted diligently in its discovery of the subject infringement.

## SUMMARY OF THE ARGUMENT

This Court was wrong in <u>Nealy v. Warner Chappell Music, Inc.</u>, 60 F.4th 1325 (11th Cir. 2023) when it applied the discovery rule to a claim for copyright ownership. The Fifth Circuit was wrong in <u>Martinelli v. Hearst Newspapers, L.L.C.</u>, 65 F.4th 231 (5th Cir. 2023) when it applied the discovery rule to a claim for copyright infringement. The Ninth Circuit was wrong in <u>Starz Ent., LLC v. MGM Domestic TV Distribution, LLC</u>, 39 F.4th 1236 (9th Cir. 2022) when it did the same. The Second Circuit was wrong in <u>Sohm v. Scholastic Inc.</u>, 959 F.3d 39 (2d Cir. 2020) when it did the same. Every other Circuit and dozens of federal district courts around the country – all of which have held the discovery rule applies to claims for copyright infringement and rejected the notion that <u>Petrella</u> changes the landscape – are likewise wrong. Such is the argument of Appellant and its counsel, who has anointed himself as the only jurist across the country capable of statutory interpretation.

Appellant, however, is incorrect. The *scores* of federal courts across the country to address the issue properly analyzed the law and concluded that the discovery rule applies. As aptly stated in <u>Martinelli</u>, "were we to hold that the discovery rule does not apply to § 507(b), we would be the only court of appeals to

do so after [Petrella and Rotkiske].  We are always chary to create a circuit split, including when applying the rule of orderliness, and we decline to do so in this case."  Martinelli, 65 F.4th at 245 (internal quotation marks and citations omitted). The Court should not accept Appellant's invitation to create a Circuit split and should not depart from longstanding authority that the discovery rule applies to copyright claims.  To hold otherwise would result in ridiculous outcomes, and this Court need look no further than Appellant's counsel's own statements at the hearing on the Motion for Fees to confirm such.  The Trial Court should be affirmed.

## ARGUMENT

### I.   The Trial Court Properly Applied the Discovery Rule to Copyright Infringement Claims

Appellant asserts that an injury/accrual (rather than discovery) rule applies to the Copyright Act's statute of limitations and, as such, the statute of limitations had run by the filing of AAP's Complaint.  Here, Appellant argues that the Trial Court followed the "trend" of applying the discovery rule and that ***none*** of the courts across the country doing the same have provided a "reasoned" analysis for doing so. Appellant then explains why this Court and all others are wrong, offering what can best be described as its counsel's own statutory interpretation on what the law should be rather than what it is.

Appellant's Brief relies heavily on Prather, the notion that the Fifth Circuit applied an injury-occurrence rule to claims for copyright infringement, and that

4

such now has precedential effect in this Circuit.[2]   Respectfully, Appellant's own interpretation of <u>Prather</u> is somewhat less persuasive than that of the Fifth Circuit itself.   In <u>Martinelli</u> (citation to which is noticeably absent from Appellant's Brief), the Fifth Circuit was called upon to determine whether <u>Petrella</u> and <u>Rotkiske</u> mandated an injury-occurrence rule (rather than discovery rule) when interpreting the Copyright Act's statute of limitations.   Although Appellant's Brief attempts to expand the holding of <u>Prather</u>, the Fifth Circuit in <u>Martinelli</u> made clear that: "<u>Prather</u> narrowly held that a plaintiff's inability to obtain evidence of infringement does not equitably toll the limitations period under a fraudulent concealment theory.   The issue of whether the limitations period of the Copyright Act as amended in 1957 started running when the defendants published the book or when the plaintiff discovered the book was not clearly raised or resolved."   <u>Martinelli</u>, 65 F.4th at 237.

        In <u>Martinelli</u>, the defendant (Hearst) contended (as Appellant does here) that <u>Petrella</u> and <u>Rotkiske</u> "undermined the reasoning of this circuit's precedents such that the rule of orderliness does not require this court to follow the discovery rule." <u>Id.</u> at 234.   The Fifth Circuit rejected Hearst's contention, performing a detailed analysis of both <u>Petrella</u> and <u>Rotkiske</u> and concluding that neither foreclosed upon application of a discovery rule in interpreting the Copyright Act's statute of

---

[2]         <u>See</u> Brief, at pp. 9, 10, 12, 13, 16, 17, 19, 20, 22, 24, 25, 26, 27.

limitations. Yet Appellant would have this Court believe that its own interpretation of Prather surpasses that of the Fifth Circuit itself, arguing that this Court is duty bound to follow an interpretation that goes well beyond the limited holding of Prather and is contrary to the Fifth Circuit's own interpretation thereof.

That Appellant overlooked Martinelli is questionable. That Appellant wholly disregards this Court's own opinion in Nealy is shocking. In Nealy, this Court confronted a Circuit split (between the Second Circuit and Ninth Circuit) as to whether the statute of limitations bars recovery for acts of infringement occurring more than three years before the suit's filing. In finding that no such damages bar exists (therefore aligning itself with the Ninth Circuit), this Court re-affirmed that the discovery rule applies to copyright claims primarily concerning ownership – while relying on 17 U.S.C. § 507(b) (the only statute of limitations for copyright claims) to reach that conclusion. Although Nealy does not directly apply the discovery rule to an *infringement* action (Nealy was an infringement action but the sole remaining issue was ownership), it leaves little doubt as to whether some different analysis of discovery vs. injury rule should be applied when interpreting the *same* statute of limitations.

In re-affirming that the discovery rule applies to copyright ownership claims, this Court in Nealy discussed at length its earlier holding in Webster v. Dean Guitars, 955 F.3d 1270 (11th Cir. 2020) (yet another case mysteriously absent from

6

Appellant's Brief).  There, this Court clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent."  Webster, 955 F.3d at 1276.  Both Nealy and Webster cite/rely upon 17 U.S.C. § 507(b) as the applicable statute of limitations for purposes of a copyright ownership claim.  As stated above, the **same** provision applies with respect to a copyright infringement claim.  Appellant does not offer any explanation (as none exists) for why this Court would impermissibly 'graft' a discovery rule onto § 507(b) for purposes of an ownership claim but do differently with respect to an infringement claim.  Appellant thus must either assert that this Court was **wrong** in deciding Nealy and Webster or acknowledge that an infringement claim is subject to the same interpretation and same discovery rule.  That Appellant's Brief does not acknowledge this Court's precedent over the prior three (3) years and instead focuses on Fifth Circuit precedent from 1971 (which does not even address the discovery rule but instead deals with equitable tolling) is perplexing.

17 U.S.C. § 507 does not differentiate between ownership and infringement claims.  Rather, it plainly states that "***[n]o civil action*** shall be maintained under the provisions of this title unless it is commenced within three years after the claim

7

accrued."[3]  This Court – in both <u>Nealy</u> and <u>Webster</u> – held that accrual under § 507 was measured by a discovery rule with respect to copyright ownership claims. ***Every*** federal court to address the issue has applied a discovery rule with respect to accrual of copyright claims, and it would be nonsensical to somehow read a different claim accrual rule with respect to ownership vs. infringement claims… yet that is precisely the interpretation that Appellant argues (that every federal court to address the issue is wrong or did so merely as *dicta*).  Indeed, even the Second Circuit in <u>Sohm</u> – while reaching a contrary conclusion on the lookback period for damages – recognized that the discovery rule applies to claim accrual under the Copyright Act and that <u>Petrella</u> did not change this conclusion.  See <u>Sohm</u>, 959 F.3d at 50.

For Appellant to simply posit that every Circuit and district court to address the issue is wrong because Appellant says so frankly strains credulity.  The notion that dozens of courts across the country have each misinterpreted the Copyright Act, <u>Petrella</u>, <u>Rotkiske</u>, and the other cases cited by Appellant and that only Appellant and its counsel are capable of setting forth a proper interpretation smacks of arrogance.

The dismissal here was clearly "without prejudice."  As stated in <u>Tomelleri v. Natale</u>, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18,

---

[3]        Emphasis added.

8

2022), "the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered." Tomelleri, 2022 U.S. Dist. LEXIS 65893, at *6.  Although Appellant suggests that a claim accrues when the injury occurs, Tomelleri and every other court in this Circuit has held differently:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims.  However, ***the Southern District of Florida has consistently applied the discovery rule***, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Id. at *6–7 (S.D. Fla. Feb. 18, 2022) (emphasis added); see also Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) (Civil actions for copyright infringement must be 'commenced within three years after the

9

claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."' (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); Johansen v. Modrak, No. 18-cv-63120, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book 'I Lisa Marie' and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his claim is 16 years too late.") (emphasis added); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement.");

10

<u>Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp.</u>, 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); <u>Lorentz v. Sunshine Health Prods.</u>, No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); <u>Calhoun</u>, 298 F.3d at 1236 (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); <u>Home Design Servs. v. Hibiscus Homes of Fla., Inc.</u>, No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

These cases are not an anomaly… the same analysis has been ***uniformly*** applied by the courts around the country. <u>See, e.g.</u>, <u>Starz Ent., LLC</u>, 39 F.4th at 1237-38:

11

In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). *Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed*. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. *Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.*[4]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388,

---

[4]    Emphasis added.

393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, at *21 – 22 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.")

13

(quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

These courts have *all* held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases.  Appellant glosses over this fact by citing to wholly-unrelated cases arising under completely different statutes/laws and positing that, for 20+ years, the courts of this Circuit and all other courts to consider the matter have simply misapplied the law.  They have not.  Appellant's argument that dozens of courts – including this Court – got it wrong and that its own statutory interpretation reigns supreme does not pass muster.  AAP could certainly apply its own traditional notions of statutory interpretation and engage in the same exercise that Appellant adopts – sifting through hundreds of cases and arguing its own interpretation of rules/law.  AAP, however, does not fancy itself a more reasoned jurist than ***this Court***, the Second Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, Seventh Circuit, Ninth Circuit, Tenth Circuit, or the scores of federal district judges that have all applied a discovery rule and rationalized that Petrella and Rotkiske do not command otherwise.

Appellant seriously argues that each of these courts was "confused" or improperly blended a "discovery rule" with the equitable tolling doctrine.[5]  While

---

[5]    See Appellant's Brief, at p. 36.

Appellant makes a compelling argument for a law review article on why the law should be what its counsel believes, it fails to recognize (as it must) that dozens of Circuit and federal district courts have performed the same analysis that Appellant proffers and specifically rejected Appellant's interpretation.  Appellant cannot simply chalk this up to courts 'getting it wrong.'

## II.    If a Tree Falls in the Forest… Appellant's Constructive Knowledge Argument

Appellant next argues that, even if a discovery rule applies, AAP was under constructive notice of Appellant's infringement such that the statute of limitations began running the ***moment*** that Appellant published AAP's photograph.  Here, Appellant does not argue that AAP somehow ignored 'storm warnings' of infringement (e.g., being 'tagged' in a social media post linking to the infringement, being sent a copy of the article via e-mail, etc.), but rather that AAP should have discovered the infringement earlier because Appellant says so.  Appellant ignores both the relevant law and the facts as adduced at the evidentiary hearing on the Motion for Fees.

"Copyright owners do not have a general duty to police their copyrights."  PK Music Performance, Inc., 2018 U.S. Dist. LEXIS 169652, at *23 (S.D.N.Y. Sep. 30, 2018).  In PK Music Performance, Inc., the defendant sought dismissal of a copyright infringement claim on the basis that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not

discover such until 2015 (some 8 years later).  Here, Appellant does not cite any 'storm warnings' or frankly **any** facts – other than the publication date of the website – suggesting that AAP somehow 'should have' discovered Appellant's infringement on an earlier date.  Given that there are an estimated 1 billion websites with a new website being created every 3 seconds,[6] it is difficult to imagine how AAP 'should have' discovered the subject infringement based solely on time alone.  But that is precisely the argument proffered by Appellant – AAP must have been able to discover this infringement earlier (but apparently chose to ignore such discovery).  Of course, Appellant does not explain how/why AAP was capable of discovering such infringement, whether any purported technology/reverse image searches would have discovered the infringement at an earlier date, etc.

Notably, PK Music Performance, Inc. is not an anomaly – every court to consider the issue has held that a copyright owner is not required to scour the internet/search for potential infringements of his/her work.  See, e.g., Parisienne v. Scripps Media, Inc., 2021 U.S. Dist. LEXIS 154960, at *12 (S.D.N.Y. Aug. 17, 2021) ("Parisienne does not have a general duty to police the internet for infringements of his Photographs.  Nor has Scripps provided sufficient evidence or explanation for how Parisienne should have known about the alleged infringement,

---

[6]    See    https://www.forbes.com/advisor/business/software/website-statistics/#:~:text=While%20there%20are%201.13%20billion,are%20actively%20maintained%20and%20visited; https://siteefy.com/how-many-websites-are-there/; https://www.internetlivestats.com/total-number-of-websites/.

or been put on inquiry notice, between March 15, 2016 and September 21, 2016, when he retained counsel. Thus, the Court cannot dismiss Parisienne's copyright infringement claim as time barred.") (internal citations omitted); <u>Fioranelli v. CBS Broad. Inc.</u>, 551 F. Supp. 3d 199, 251 (S.D.N.Y. 2021) ("I reject Defendants' argument that because the allegedly infringing works were published openly, Plaintiff had constructive notice.") (denying motion for summary judgment on basis that plaintiff 'should have' discovered infringement of its video footage earlier); <u>Hirsch v. Rehs Galleries, Inc.</u>, No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020) (denying motion to dismiss photographer's copyright infringement claim on asserted basis that photographer 'should have' discovered the infringement earlier); <u>Minden Pictures, Inc. v. Conversation Prints, LLC</u>, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at *9 (E.D. Mich. Sep. 30, 2022) ("Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019."); <u>Frerck v. John Wiley & Sons, Inc.</u>, No. 11-cv-2727, 2014 U.S. Dist. LEXIS 95099, at *23 (N.D. Ill. July 14, 2014) ("Defendant claims that Plaintiff should have seen articles generally describing textbook publishers' copyright infringements of photographers' images and that such articles constitute 'storm warnings' triggering a duty to investigate Defendant's use of his work…. [A]n article identifying an issue in the

17

publishing industry generally did not obligate Plaintiff to go through 19 years of licenses to preserve his copyright infringement claims. If that were the expectation, then stock photo agencies and photographers likely would spend more money monitoring their licenses than they receive from issuing licenses."); <u>Design Basics, LLC v. Chelsea Lumber Co.</u>, 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013) ("The Court… rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit.").

The preposterousness of Appellant's argument is best revealed by a response that Appellant's counsel gave to a question raised by the Trial Court at the evidentiary hearing on the Motion for Fees:

> THE COURT: So is he charged with knowledge of a van driving around in San Francisco right now because it's possible for him to go on vacation there and find that van? MR. LOCKTON: Under the copyright act, yes. If there was a billboard in Times Square, L.A., San Francisco, anywhere, that had a photograph of and it was just sitting there, he is charged with knowing about it. Just like if he was an author, he would be charged with knowing about what was in -- what the contents of a book was, and he would have to go and look through all of the books to see if there was something that was infringing. The Internet is not different than these other situations. In fact, the

18

> Internet is easier because it does provide a repository that
> can be searched, because there are technological tools.[7]

According to Appellant's counsel, a copyright owner must have superhero powers – i.e., the ability to detect a van leaving a garage thousands of miles away with an infringing photograph displayed thereon – lest that copyright owner sleep on its rights and face a running statute of limitations.  In essence, Appellant seeks to utilize 'constructive notice' to erase the concept of a discovery rule altogether. Under Appellant's interpretation, the moment a photograph or other work is published, the copyright owner is on notice and thus the running of the statute of limitations begins… i.e., an injury-occurrence rule by another name only.

As recognized by <u>Martinelli</u>, the "nature of the copyright infringement injury"[8] is different than traditional claims such as fraud, breach of contract, etc. – all of which typically involve an injury that the plaintiff is well-aware of or feels the effect of almost immediately.  The Trial Court heard testimony from AAP (a small company consisting of a photographer and his son) with respect to its efforts to search for/identify infringements of its work.  The Trial Court likewise heard testimony from Joe Naylor, President of one of if not the largest reverse-image search companies available to photographers, who testified that even his company's software is not capable of finding every infringement online given the vastness of

---

[7]    <u>See</u> Appendix, Vol. 2, at 153:11 – 153:25.

[8]    <u>See</u> <u>Martinelli</u>, 65 F.4th at 243.

the internet.  The Trial Court likewise heard testimony from Appellant who offered *zero evidence* of facts available to AAP that would have led it to Appellant's infringement.  Reviewing all of this evidence, the Trial Court found that AAP was diligent and reasonably could not have discovered Appellant's infringement until its actual date of discovery (well within the 3-year limitations period).  Given this testimony/evidence, there is simply no justification for Appellant to second-guess the Trial Court's findings or suggest an absurd 'constructive notice' standard that would effectively destroy the discovery rule altogether.

## CONCLUSION

The Court should affirm the Trial Court, reject Appellant's invitation to create a Circuit split on the issue of accrual under the Copyright Act, and-reaffirm (as it did in both <u>Nealy</u> and <u>Webster</u>) that the discovery rule applies with respect to the 3-year statute of limitations set forth in § 507(b).

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type-column limitation set forth in FRAP 32(a)(7)(B) because this brief contains 4,732 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

I further certify that this brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14-point Times New

Roman.

    Dated: October 30, 2023.          COPYCAT LEGAL PLLC
                                     3111 N. University Drive
                                     Suite 301
                                     Coral Springs, FL 33065
                                     Telephone: (877) 437-6228
                                     dan@copycatlegal.com

                                By: /s/ Daniel DeSouza
                                     Daniel DeSouza, Esq.
                                     Florida Bar No.:  19291
                                     *Counsel for Appellee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza____
Daniel DeSouza